Howard WILLIAMS, et al., Appellants,

v.

W. E. CHANEY, Appellee.

No. 7040.

Court of Civil Appeals of Texas, El Paso.

July 29, 1981.

Rehearing Denied Sept. 9, 1981.

Dan Sullivan, Andrews, Roy Wingate, Orange, Paul McCollum, Odessa, for appellants.

James A. Mashburn, J. K. "Rusty" Wall, Midland, for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Judge.

In this automobile collision case, the trial Court granted the Motion for Summary Judgment of the Defendant. The principal question involved is the existence of a fact question on the theory of negligent entrustment. We affirm.

As a result of the collision with a pickup driven by Fred May Fitzgerald, Jef-

frey H. Williams was killed and his passenger, Melanie Lynn McCann suffered severe injuries. For such death and injuries, this suit was filed against W. E. Chaney on allegations that he was the owner of the vehicle driven by Fitzgerald and was negligent in entrusting the vehicle to him under Article 6687b, Sections 36 and 37, of Tex. Rev.Civ.Stat.Ann. Section 36 provides:

> No person shall authorize or knowingly permit a motor vehicle by him or under his control to be driven upon any highway by any person who is not authorized hereunder . . .

Section 37 provides:

> No person shall employ as a chauffeur or commercial operator of a motor vehicle any person not then licensed as provided in this Act.

A defendant moving for summary judgment assumes the burden of showing as a matter of law that the plaintiff has no cause of action against him. *Citizens First National Bank of Tyler v. Cinco Exploration Company*, 540 S.W.2d 292 (Tex. 1976). The defendant must establish as a matter of law that there is no genuine issue of fact as to one or more of the above elements of the plaintiff's cause of action. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex. 1970).

The Defendant attached to his Motion for Summary Judgment the affidavits of himself and of the pickup driver Fitzgerald. The Plaintiffs/Appellants also attached an affidavit of the pickup driver Fitzgerald to their opposition to the Motion for Summary Judgment. Appellants' single point of error is that the trial court erred in granting the Defendant's Motion for Summary Judgment in that there are genuine issues of fact in the summary judgment proof upon which relief to the Plaintiffs could be granted under the pleadings on file in this cause.

■ The two affidavits attached to the Defendant's Motion for Summary Judgment, if considered alone, would establish as a matter of law that the Defendant Chaney did not own the pickup involved nor was it under his control, nor did he autho-

rize or permit it to be driven upon the highway; in opposition to such summary judgment evidence, Appellants also relied on an affidavit of Fitzgerald. His affidavits were made about six weeks apart. They differ in their wording, but not in the facts stated, except in one instance. One affidavit recites that Chaney was not aware that Fitzgerald did not have a driver's license, and the other states that he was aware of it. In our review, the facts must be viewed from a perspective most favorable to the nonmovant. The conflict in Fitzgerald's affidavits as to whether Chaney knew he did not have a driver's license does not create an issue as to a material fact; it must be taken as true that Appellee Chaney knew that he did not have a license, but that is immaterial because Appellee proved as a matter of law that he was not the owner of the truck driven by Fitzgerald and that it was not under his control. Appellee thus disproved a necessary element of Appellants' cause of action for negligent entrustment and was entitled to a summary judgment. *Rosas v. Buddies Food Store*, 518 S.W.2d 534 (Tex. 1975).

■ At the time Fitzgerald purchased the pickup, Appellee loaned him $1,000.00 that was used for the purchase of the pickup; repayment of the $1,000.00 was taken out of Fitzgerald's salary. The repayments were complete in January before the accident happened in March. The $1,000.00 loan was not secured by a lien on the pickup. The summary judgment proof also was that Fitzgerald bought oil and gas at the Gulf station, signed the tickets, and the Appellee paid the bills but he took that out of Fitzgerald's pay. There is nothing in that evidence that would give the Appellee such legal control over the pickup as would give him the right to turn it over to Fitzgerald or to deprive him of its use. It was simply not his to entrust. *Farnsworth & Chambers Company v. Hurst*, 338 S.W.2d 873 (Tex.Civ.App.—Houston 1960, writ ref'd n.r.e.); *Rush v. Smitherman*, 294 S.W.2d 873 (Tex.Civ.App.—San Antonio 1956, writ ref'd).

The judgment of the trial Court is affirmed.