**Elvira Perez SOLEDAD, Individually and as Next Friend of Ricardo Soledad, A Minor, Appellant,**

v.

**Ramon LARA, Cremans, Inc., and Bohannan–Huston, Inc., Appellees.**

No. 08–88–00144–CV.

Court of Appeals of Texas, El Paso.

Nov. 9, 1988.

Rehearing Denied Dec. 15, 1988.

Susan Larsen, El Paso, for appellant.

J. Monty Stevens, Lawrence M. Jordan, Dudley, Dudley & Windle, El Paso, for appellees.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

## OPINION

FULLER, Justice.

The trial court granted a summary judgment in favor of Appellees in a case where Appellant contended the attractive nuisance doctrine was applicable. We reverse the judgment of the trial court.

Ricardo Soledad was seriously injured while playing on a land development project. It was during the construction of a drainage system that Appellant's son and five other youths entered onto the land without permission and commenced playing in a drainage ditch which was under construction. The walls of the ditch collapsed and buried the Appellant's son. He survived but suffered serious injury. This suit involves negligent allegations against the design engineers and the application of the attractive nuisance doctrine.

Appellees filed their motion for summary judgment contending that Ricardo Soledad was sixteen years of age at the time of the accident and, therefore, too old for the attractive nuisance doctrine to be applicable. Appellees also contended in their motion that since they were not the general contractor on the project, but only the design engineers, there was no legal duty owed to Ricardo Soledad. The trial court agreed, and the motion for summary judgment was granted.

Point of Error No. One asserts the trial court erred in granting the summary judgment by finding as a matter of law that the attractive nuisance doctrine did not apply.

Point of Error No. Two asserts the trial court erred in granting the summary judgment because a fact issue existed as to the mental deficiency or lack of discretion of the minor child, Ricardo Soledad.

Appellees, as the movant for summary judgment, had the burden of showing that, as a matter of law, no material issue of fact existed as to the Appellant's cause of action. *Griffin v. Rowden*, 654 S.W.2d 435 (Tex.1983); *Williams v. Chaney*, 620 S.W.2d 809 (Tex.Civ.App.—El Paso 1981, writ ref'd n.r.e.); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movants must be indulged in favor of the non-movants and any doubts resolved in their favor. *Hudnall v. Tyler Bank And Trust Company;* 458 S.W.2d 183 (Tex.1970).

The age of Ricardo Soledad was uncertain but the evidence indicated that he was between fourteen and sixteen years of age at the time of the accident. This taken alone would generally prevent the application of the attractive nuisance doctrine as to Ricardo Soledad. Appellees cite many cases to support their view that Ricardo Soledad was simply too old for the application of the attractive nuisance doctrine. We disagree. In *Massie v. Copeland*, 233 S.W.2d 449 (Tex.1950), the court referred to the fact that the attractive nuisance doctrine was not to be extended to a *NORMAL BOY* fourteen years of age, and our Supreme Court then cited with approval

Corpus Juris Secundum which stated that the attractive nuisance doctrine generally could not apply to children of fourteen or over, "at least in the absence of some showing of a lack of mental development which is ordinarily found in children of that age...."

■ In the instant case, the uncontroverted evidence indicated that before the accident Ricardo Soledad was in a special education class in school; was also lacking in mental development; was a slow learner and was seeing a psychologist regularly. We agree with the Restatement (Second) of Torts, sec. 339 comment c at 198 (1965). The later cases allow recovery "where the child is of high school age, ranging in a few instances as high as sixteen or seventeen years." We therefore must look at each individual case. In Restatement (Second) of Torts, sec. 283A, it is aptly stated that the fact that the child is mentally retarded, or that he is unusually bright for his years is to be taken into account; but once such account is taken, the child is still required to exercise the judgment of a reasonable person of that intelligence. "A child of tender years is not required to conform to the standard of behavior which it is reasonable to expect of an adult. His conduct is to be judged by the standard of behavior to be expected of a child of like age, intelligence, and experience." Section 283A at 15. We therefore find that there was a genuine issue of material fact as to Ricardo Soledad's mental capacity and as to the application of the doctrine of attractive nuisance.

Point of Error No. One and Point of Error No. Two are sustained.

Point of Error No. Three and Point of Error No. Four assert the trial court erred in granting summary judgment for Appellees on the basis that since they were the design engineers on the project no legal duty was owed to Ricardo Soledad.

Appellees successfully contended that since they were the design engineers on the project, not the general contractor, there was no duty owed by them to Ricardo Soledad, except not to injure him willfully, wantonly or by gross negligence. Since no such allegations were made, the Appellees contended that they were entitled to summary judgment.

■ There is no question that Appellees were the design engineers on the project, and there was no question that the accident happened during construction of the drainage system. Generally there might not be liability on the part of such design engineers since usually the implementation of the design is with the general contractor. However, there was conflicting evidence before the trial court on the motion for summary judgment. Appellee, Ramon Lara, swore he did not supervise the implementation of the design and yet the manager of the joint venture that was developing the property where the accident occurred, Donald Fertel stated that the reason he hired Ramon Lara was to make sure the work was going as scheduled and in accordance with the specifications. He also testified that Ramon Lara had the authority to contact the various contractors on the job if he felt he did not agree with the way the work was being done. He regarded Ramon Lara as his supervisor on the job for engineering purposes. Ramon Lara was employed by Appellee, Cremans, Inc., at the time of the accident (Cremans, Inc., was later purchased by Appellee Bohannan–Huston, Inc.). A fact issue therefore existed as to whether Ramon Lara's participation in the project was limited to that of merely the design engineering or if he was a participant in the actual supervision of the work with authority to make decisions.

Point of Error No. Three and Point of Error No. Four are sustained.

The judgment of the trial court is reversed and the case is remanded for trial.