**Dennis Lee STEWART, Appellant,**

v.

**JANSSEN PHARMACEUTICA,
INC., Appellee.**

No. 08–89–00198–CV.

Court of Appeals of Texas,
El Paso.

Nov. 15, 1989.

Rehearing Overruled Dec. 13, 1989.

<hr />

Richard T. Marshall, Alan J. Winters, Marshall & Winters, El Paso, for appellant.

James L. Gallagher, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, Jim Curtis, Kemp, Smith, Duncan & Hammond, El Paso, George Gore, Arter & Hadden, Cleveland, Irene C. Keyse–Walker, Arter & Hadden, Cleveland, Ohio, for appellee.

Before FULLER and WOODARD, JJ., and PRESLAR C.J. (Retired), sitting by assignment.

OPINION

FULLER, Justice.

The trial court granted summary judgment in favor of the manufacturer of a drug that was administered during a hernia operation. We affirm.

Appellant, Dennis Lee Stewart, filed this lawsuit as a result of a hernia operation in which he suffered respiratory arrest.

He sued his anesthesiologist, Dr. Thomas R. Navar, Jr., for damages alleging that he was negligent:

(1) In that his use of the drug SUFENTA was inappropriate; and

(2) That the manner, dosage and length of time that Stewart was anesthetized with SUFENTA was inappropriate; and

(3) Dr. Navar failed to continually monitor Stewart's heartbeat for a sufficient length of time in the recovery room; and

(4) Dr. Navar failed to have sufficient personnel and resuscitation equipment on hand.

Appellant also sued Appellee Janssen Pharmaceutica, Inc., as manufacturer of the drug SUFENTA on a negligent theory, alleging:

(1) That the drug SUFENTA had been marketed without having been fully tested, and

(2) That Appellee had failed to adequately warn and instruct dispensing professionals that the drug was a long-acting narcotic rather than a short-term anesthetic.

Appellant also sued Appellee on a strict liability theory alleging that SUFENTA was unreasonably dangerous due to the inadequate warning.

Only the Appellee, Janssen Pharmaceutica, Inc., filed a Motion for Summary Judgment which was granted by the trial court.

Points of Error Nos. One and Two assert that the trial court erred in granting summary judgment on the issue of adequacy of the warning in the use of the drug SUFENTA and on the issue of strict liability.

Since the Appellee was a defendant in the trial court and, as such, was also the movant for summary judgment, the burden was on Appellee to show that, as a matter of law, no material issue of fact existed as to the Appellant's cause of action. *Griffin v. Rowden*, 654 S.W.2d 435, 436 (Tex.1983); *Williams v. Chaney*, 620 S.W.2d 809, 810 (Tex.Civ.App.—El Paso 1981, writ ref'd n.r. e.). It was Appellant's burden to establish each element of his cause of action and, therefore, if Appellee, Janssen Pharmaceutica, Inc., submitted competent summary judgment evidence disproving at least one element of Appellant, Dennis Lee Stewart's case, then summary judgment for Appellee was properly granted. *Bradley v. Quality Service Tank Lines*, 659 S.W.2d 33, 34 (Tex.1983); *Rayos v. Chrysler Credit Corporation*, 683 S.W.2d 546, 547 (Tex.App.—El Paso 1985, no writ).

### FACTS

While undergoing surgery for the repair of a hernia, the Appellee was administered the drug SUFENTA. After the surgery, he was awakened in the operating room and taken to the recovery room. Here his respiratory support was removed. Appellant then stopped breathing and turned blue. Secondary respiratory depression and respiratory arrest took place. Appellant contends this was because of the use of the drug SUFENTA resulting in renarcotization which means the narcotic drug reentered from the fat reservoirs into the bloodstream. Appellant contends that the Appellee failed to warn of the tendency of the drug to effect secondary respiratory depression or respiratory arrest in any of its advertising material in 1984. It is Appellant's assertion that the respiratory arrest that occurred from the use of SUFEN-

TA resulted in permanent damage to Appellant.

■ Appellee, Janssen Pharmaceutica, Inc., had a duty to warn the physician of the dangers of SUFENTA, and once the physician is warned, the choice of which drugs to use and the duty to explain the risks become that of the physician. *Gravis v. Parke–Davis & Co.*, 502 S.W.2d 863 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.). In *Technical Chemical Company v. Jacobs*, 480 S.W.2d 602 (Tex.1972), our Supreme Court stated that in a failure to warn case, the plaintiff has the burden of proving:

(1) The warning was defective, and

(2) The failure to warn was a producing cause of the plaintiff's condition or injury.

### ADEQUACY OF THE WARNING

■ The SUFENTA drug package contained an insert giving information under various headings as "Description, Clinical Pharmacology, Indications and Usage, Contradictions."

Under "Warnings" it is stated:

SUFENTA should be administered only by persons specifically trained in the use of intravenous anesthetics and management of the respiratory effects of potent opioids.

An opioid antagonist, resuscitative and intubation equipment and oxygen should be readily available.

Under "Precautions" it is stated:

Vital signs should be monitored routinely.

. . . . .

Respiratory depression caused by opioid analgesics can be reversed by opioid antagonists such as naloxone. Because the duration of respiratory depression produced by SUFENTA may last longer than the duration of the opioid antagonist action, appropriate surveillance should be maintained. As with all potent opioids, profound analgesia is accompanied by respiratory depression and diminished sensitivity to $CO_2$ stimulation which may persist into or recur in the post-

operative period. Appropriate post-operative monitoring should be employed to ensure that adequate spontaneous breathing is established and maintained prior to discharging the patient from the recovery area.

Testimony was to the effect that "renarcotization" means "the process in which a narcotic has an effect initially, appears to lose its effect, and the narcotic effect then reappears as if it were occurring again, a second time after the initial effect."

Appellant's expert, Dr. J. Stirt, was of the opinion that the Appellant had experienced renarcotization in the recovery room; that this was the cause of the injury to the Appellant and that renarcotization was foreseeable. Dr. J. Stirt also testified that:

As was noted in Exhibit 2 ... [the insert that was enclosed in a package of SUF-ENTA] and in the PDR, [Physicians Desk Reference book], there is not a word in the Janssen literature currently, since this is the 1984 package insert, essentially—or hasn't been updated since 1984, I think it's safe to say there wasn't anything in 1984 as well about the possibility or the potential for renarcotization. And thus I think that that represents a deviation in terms of failing to instruct and warn and advise that such problems have occurred, can occur and indeed will occur again from time to time.

The doctor further stated it was his opinion that such deviation was one cause of the injury to Appellant and the failure to warn of renarcotization made SUFENTA an unreasonably dangerous product.

Ordinarily, this testimony would be sufficient to raise a fact issue as to the adequacy of the warning and, if found inadequate, whether this was a proximate cause of any injury to Appellant. We must go one step forward and determine whether, as a matter of law, the evidence showed that DR. NAVAR WAS AWARE OF THE RISKS ASSOCIATED WITH THE USE OF SUF-ENTA even though the warnings may or may not have been adequate. Technical Chemical Co. v. Jacobs, 480 S.W.2d 602. In other words, even if it be assumed that the warning was defective, would this have altered Dr. Navar's decision, as a learned intermediary, to use the drug SUFENTA? If he was aware of the possible risks involved in the use of this drug, yet chose to use it regardless of the adequacy of the warning, then, as a matter of law, the adequacy of the warning was not a producing cause of Appellant's injury.

Appellant is claiming that his injury resulted from respiratory depression after his surgery due to the administration of the drug SUFENTA. His anesthesiologist, Dr. Thomas R. Navar, Jr., chose to administer this drug. The evidence was that Dr. Navar had twelve years' experience as an anesthesiologist and that he was familiar with synthetic narcotics as well as the risks associated with their use. He also testified he was familiar with the narcotic intravenous drug SUFENTA. He had acquired knowledge of the drug through medical literature, including that provided by Appellee, as well as discussions of the drug with other professionals. Also, he had actually previously used SUFENTA. More importantly, Dr. Navar testified he was clearly aware that respiratory depression occurs with any anesthetic, both in the operating room and thereafter. He stated that "[p]ostoperative respiratory depression is extremely high in any case, whether it be a fluorinated hydrocarbon, whether it be an intravenous opioid or even whether it would be a hypnotic..... So respiratory depression occurs in all cases...." Dr. Navar readily acknowledged that anyone receiving an anesthetic should be closely observed for respiratory depression. We therefore find that even if there was a deficiency in the warning as to SUFENTA, that such was not a producing cause of Appellant's injury because Appellant's anesthesiologist, Dr. Navar, who selected the use of SUFENTA was fully aware of the risks associated with the use of the synthetic narcotic. Technical Chemical Co. v. Jacobs, 480 S.W.2d 602; Cooper v. Bowser, 610 S.W.2d 825 (Tex.App.—Tyler 1980, no writ).

Points of Error Nos. One and Two are overruled.

Point of Error No. Three asserts error in the trial court's denial of his motion to compel production of certain records.

We do not have a record before us of the trial court's hearing on Appellant's motion to compel. It is Appellant's duty to bring forward a sufficient record for us to determine whether there was an abuse of discretion by the trial court in ordering and/or denying discovery. Tex.R.App.P. 50(d). This was not done.

Point of Error No. Three is overruled.

Point of Error No. Four asserts that the trial court erred in granting summary judgment for Appellee on the assertion that Appellee failed to adequately test SUFENTA.

The only evidence before the trial court was that SUFENTA not only was properly clinically tested but was also approved by the Food and Drug Administration for marketing. This evidence was uncontroverted.

Point of Error No. Four is overruled.

The judgment of the trial court is affirmed.