Sylvia V. **CHARLES**, Appellant,

v.

Salvador **ZAMORA**, M.D., Appellee.

No. 13–90–379–CV.

Court of Appeals of Texas,
Corpus Christi.

April 11, 1991.

Rehearing Overruled May 9, 1991.

 

Thomas M. Schumacher, Corpus Christi, for appellant.

Kathleen Walsh Beirne, Ann Patton Greene, Hirsch, Glover, Robinson & Sheiness, Houston, for appellee.

Before NYE, C.J., and BENAVIDES, and HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

Sylvia Charles appeals the summary judgment granted in favor of appellee, Dr. Salvador Zamora. By two points of error, appellant asserts that the trial court abused its discretion in failing to grant her motion for continuance on the hearing of the motion for summary judgment and that the trial court erred by granting summary judgment because appellee's affidavit failed to specifically set forth the standard of care applicable in the particular fact situation of this case. We affirm.

Appellant is a paraplegic who, in 1986, suffered an urinary incontinence problem. She was referred to appellee for treatment. Appellee diagnosed a neurogenic bladder. In December, 1986, allegedly following appellee's surgery performing an urinary diversion, appellant experienced uncontrollable perspiration as well as headaches, stomachaches and pain below the abdomen. As a result, appellant filed a medical malpractice action against Dr. Zamora asserting that his negligence during surgery caused her various problems.

Appellee moved for summary judgment on April 9, 1990, stating that his treatment of appellant met the appropriate standard of care and that he had not breached his duty to appellant. Appellant did not timely respond to the summary judgment motion; however, she later filed a motion for continuance of the summary judgment hearing. At the summary judgment hearing on May 8, 1990, the trial court denied the motion for continuance and, based upon appellee's affidavit, granted summary judgment favorable to appellee.

By her first point of error, appellant asserts that the trial court abused its dis-

cretion when it failed to grant her motion for continuance on the hearing for appellee's motion for summary judgment. Appellant's first point of error fails for two reasons: first, because the text of the motion for continuance is not contained in the appellate record, we cannot pass upon the propriety of the trial court's alleged denial of an absent motion. *See* Tex.R.App.P. 53(k).

Second, appellant "responded" to appellee's summary judgment motion by untimely filing a motion for continuance either the day before or the day of the hearing on the motion for summary judgment. *See* Tex.R.Civ.P. 166a(c). In the context of a motion for summary judgment, a trial court may exercise its discretionary power and order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had if it appears from the affidavits of a party opposing the motion that he cannot, for reasons stated, present by affidavit facts essential to justify his opposition. Tex. R.Civ.P. 166a(f); *See State v. Crank*, 666 S.W.2d 91, 94 (Tex.), *cert. denied*, 469 U.S. 833, 105 S.Ct. 124, 83 L.Ed.2d 66 (1984); *Hernandez v. Heldenfels*, 374 S.W.2d 196, 202 (Tex.1963); *Schero v. Astra Bar, Inc.*, 596 S.W.2d 613, 615 (Tex.App.—Corpus Christi 1980, no writ).

The record shows that appellant's case had been on file for over a year and she had yet to retain an expert. The motion for summary judgment had been on file for the requisite period yet appellant did not properly respond with a controverting affidavit or other document with within the mandatory response period. Although appellant argued that she had been examined by another physician in January, 1990, but received the corresponding report only the week before the hearing on the summary judgment motion, she did not explain her tardiness in bringing this fact to the court's attention until just before the hearing. *See Jones v. Papp*, 782 S.W.2d 236, 242 (Tex.App.—Houston [14th Dist.] 1989, writ denied). Point one is overruled.

Appellant's second point of error asserts that the trial court erred by granting appellee's motion for summary judgment because appellee's affidavit failed to specifically set forth the standard of care applicable in the particular fact situation of this case.

The purpose of a summary judgment is to eliminate patently unmeritorious claims or untenable defenses. *Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex.1972); *Flores v. H.E. Butt Stores, Inc.*, 791 S.W.2d 160, 162 (Tex.App.—Corpus Christi 1990, writ denied); *Barrow v. Jack's Catfish Inn*, 641 S.W.2d 624, 625 (Tex.App.—Corpus Christi 1982, no writ). A summary judgment is proper only when the movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988); *Flores*, 791 S.W.2d at 162; *R.I.O. Systems, Inc. v. Union Carbide Corp.*, 780 S.W.2d 489, 490 (Tex. App.—Corpus Christi 1989, writ denied); Tex.R.Civ.P. 166a(c).

On appeal, as well as at trial, the issue is not whether the summary judgment proof raises fact issues regarding the essential elements of the plaintiff's claim or cause of action, but rather, whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact concerning one or more of the essential elements of the plaintiff's cause of action. *Sakowitz, Inc. v. Steck*, 669 S.W.2d 105, 107–08 (Tex.1984); *Garza v. Levin*, 769 S.W.2d 644, 645 (Tex.App.—Corpus Christi 1989, writ denied). In deciding whether a disputed material fact issue exists to preclude a summary judgment, evidence favorable to the non-movant will be accepted as true. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Rath v. State*, 788 S.W.2d 48, 50 (Tex. App.—Corpus Christi 1990, writ denied). Thus, every reasonable inference will be indulged in favor of the non-movant and any doubts resolved in the non-movant's favor. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *R.I.O. Systems*, 780 S.W.2d at 490; *Denison v. Haeber Roofing Co.*, 767 S.W.2d 862, 864 (Tex.

App.—Corpus Christi 1989, no writ); Tex. R.Civ.P. 166a(c).

■ Appellee's summary judgment evidence consists of his personal affidavit, which sets forth the standard of care for a patient such as appellant and shows, with specificity, appellee's compliance with that standard in his treatment of appellant's medical needs. *See Martin v. Petta,* 694 S.W.2d 233, 238 (Tex.Civ.App.—Fort Worth 1985, writ ref'd n.r.e.). It is clear, positive, and direct, otherwise credible and free from contradictions and inconsistencies. Tex.R.Civ.P. 166a(c). If untrue, it was readily controvertible. Thus, appellee's affidavit was sufficient to negate both the elements of breach of the applicable standard of care and a causal connection between the breach of care and the harm suffered. *See Levin,* 769 S.W.2d at 645–46; *Milkie v. Metni,* 658 S.W.2d 678, 680 (Tex.App.—Dallas 1983, no writ); *Duncan v. Horning,* 587 S.W.2d 471, 473–74 (Tex. Civ.App.—Dallas 1979, no writ). Point two is overruled.

The trial court's judgment is AFFIRMED.