Rubin v. Donlen Corp. 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00049-CV







Herb Rubin and Arts Program, Inc., Appellants



v.



Donlen Corporation, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 93-01659A, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







PER CURIAM


 Appellants Herb Rubin and Arts Program, Inc., sued Thomas Prud'homme and
appellee Donlen Corporation for damages sustained in a car accident allegedly caused by
Prud'homme. (1) The trial court granted Donlen's motion for summary judgment and severed
Rubin's claim against Donlen into the cause now on appeal. We will affirm the trial court's
judgment.

 In point of error one, Rubin asserts that the trial court erred in rendering summary
judgment for Donlen because a fact issue exists as to the ownership of the car Prud'homme was
driving when the accident occurred. Rubin alleged that on February 15, 1991, Prud'homme,
driving a car owned by Donlen, struck Herb Rubin's car from the rear while it was stopped at a
traffic light. Rubin sought to hold Donlen jointly and severally liable with Prud'homme on the
theory that it had negligently entrusted its car to Prud'homme. Donlen moved for summary
judgment on the ground that it neither owned nor controlled the car Prud'homme was driving
when the accident occurred.

 Donlen, as a defendant moving for summary judgment, had to disprove as a matter
of law one of the essential elements of Rubin's cause of action. Lear Sigler, Inc. v. Perez, 819
S.W.2d 470, 471 (Tex. 1991). Proof that Donlen did not own or control the car would negate
a necessary element of Rubin's negligent entrustment claim. Rush v. Smitherman, 294 S.W.2d
873, 876 (Tex. Civ. App.--San Antonio 1956, writ ref'd); Williams v. Chaney, 620 S.W.2d 809,
810 (Tex. Civ. App.--El Paso 1981, writ ref'd n.r.e.). The question on appeal, as in the trial
court, is not whether the summary-judgment proof raises fact issues with reference to the essential
elements of Rubin's cause of action, but is whether the summary-judgment proof establishes as
a matter of law that no genuine fact issue exists as to one or more essential elements of Rubin's
cause. Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970). In reviewing the
summary-judgment evidence, we must take evidence favorable to Rubin as true and must indulge
every reasonable inference and resolve any doubt in Rubin's favor. Nixon v. Mr. Property
Management, 690 S.W.2d 546, 548-49 (Tex. 1985).

 As evidence to support its claim of lack of ownership, Donlen attached to its
summary-judgment motion the affidavits of Prud'homme and Ronald K. Prince, Donlen's vice-president of finance. Prud'homme states in his affidavit that on February 19, 1990, he bought a
1985 Oldsmobile Delta '88 from Donlen and that after tendering the agreed purchase price he
received an invoice of sale, the car's certificate of title, an application for certificate of title, and
an odometer disclosure statement from Donlen. He states that the Delta '88 is the car involved
in the incident sued upon. Prince states in his affidavit that on February 19, 1990, Donlen sold
the Delta '88 to Prud'homme and received one dollar from him, executed a bill of sale in favor
of Prud'homme, gave him the car's certificate of title, executed and gave him an affidavit on an
application for certificate of title, gave Prud'homme an odometer disclosure statement, and
reflected the sale on its quarterly vehicle sales report.

 In addition, Donlen provided documents supporting the sale. The transcript
contains both Donlen's bill of sale dated February 19, 1990, which reflects that Donlen sold the
car to Prud'homme for one dollar, and a check for the car dated February 12, 1990, made payable
to Donlen for one dollar. Also included is Donlen's odometer disclosure statement as well as
Donlen's affidavit made in connection with an application for certificate of title, showing that
Donlen was transferring the car to Prud'homme. Finally, Donlen's quarterly vehicle sales report
documents the sale of the Delta '88 on February 19, 1990, for one dollar. The summary-judgment evidence further includes Prud'homme's policy insuring the Delta '88 on February 15,
1991.

 Rubin points to Prud'homme's affidavit testimony that as of Februrary 15, 1991,
he had yet to file the application for certificate of title that he received when he bought the car
from Donlen. Rubin contends that Prud'homme's failure to transfer the certificate of title raises
the factual question whether Donlen owned the car when the accident occurred.

 When the sale of a vehicle is otherwise legal between the parties, a buyer's failure
to transfer the certificate of title to his own name after the sale prevents only the naked legal title
from passing to him; the buyer acquires equitable title and ownership upon the sale. Rush, 294
S.W.2d at 877-78; Najarian v. David Taylor Cadillac, 705 S.W.2d 809, 811-12 (Tex.
App.--Houston [1st Dist.] 1986, no writ); Viator v. American Gen. Ins. Co., 411 S.W.2d 762, 764
(Tex. Civ. App.--Beaumont 1967, writ ref'd n.r.e.). Proof that the Delta '88 was registered in
Donlen's name when the accident occurred supplies only a presumption that Donlen then owned
the car. Empire Gas & Fuel Co. v. Muegge, 143 S.W.2d 763, 767-68 (Tex. 1940). This
presumption vanished in the face of Donlen's proof to the contrary. General Motors Corp. v.
Saenz, 873 S.W.2d 353, 359 (Tex. 1993); Muegge, 143 S.W.2d at 768. We conclude that
Prud'homme's failure to transfer the certificate of title by the date of the accident does not raise
a factual question as to Donlen's ownership of the car.

 Rubin next claims that Prud'homme's deposition testimony conflicts with his
affidavit, creating a factual dispute. Prud'homme states in his affidavit that he bought the car
from Donlen. During his deposition, Prud'homme stated that his employer bought the car from
Donlen and then sold it to him. Prud'homme testified that Donlen leased the car to his employer,
Texas Nuclear Corporation, a division of Baker Hughes Incorporated. The lease allowed Texas
Nuclear Corporation to buy the car for its end value when the lease terminated. Prud'homme
stated that he paid one dollar for the car and that Texas Nuclear paid nothing. He reaffirmed that
he bought and owned the car.

 Prud'homme's deposition testimony, rather than raising a fact issue, shows only
that Texas Nuclear was the intermediary for the sale from Donlen to Prud'homme. Although the
one-dollar check Donlen received was drawn by Texas Nuclear, the bill of sale and application
for certificate of title reflect that Prud'homme was the buyer. The summary-judgment evidence
thus shows that Texas Nuclear paid Donlen one dollar, that Donlen transferred the car to
Prud'homme, and that Prud'homme paid Texas Nuclear. Because the buyer and seller were
ultimately Donlen and Prud'homme, we conclude that Prud'homme's deposition testimony fails
to raise a fact issue. In any event, the precise manner in which Prud'homme bought the car is
immaterial to the question whether Donlen owned the car when the accident occurred. The
deposition testimony does not negate Donlen's proof that it sold the Delta '88 on February 19,
1990. See CIGNA Ins. Co. v. TPG Store, Inc., 894 S.W.2d 431, 436 (Tex. App.--Austin 1995,
no writ) (existence of immaterial fact issue cannot defeat summary judgment). The sale divested
Donlen of its ownership of and right to control the car. Rush, 294 S.W.2d at 876-77.

 Rubin nevertheless argues that a fact issue exists whether Donlen had an insurance
policy covering the car when the accident occurred. A policy of insurance can be offered as
evidence of ownership. Tex. R. Civ. Ev. 411. Although Donlen produced an insurance policy
in response to interrogatories, the record does not show that either party included the policy in
the summary-judgment evidence.

 Once Donlen negated its ownership of the car on the date the accident occurred,
the burden to raise a fact issue on ownership shifted to Rubin. Ervin v. James, 874 S.W.2d 713,
715 (Tex. App.--Houston [14th Dist.] 1994, writ denied); see City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). Rubin attempts to discharge this burden by
inferring the existence of insurance from two statements made by agents of Donlen. Rubin first
points to a statement written by Donlen's attorney in a letter: "Donlen has no primary policy of
insurance. Donlen's lease requires its lessees to cover it as an additional insured." Rubin's
summary-judgment evidence includes Baker Hughes' certificate of insurance covering its leased
cars through October 1, 1990. We disagree that one can reasonably infer from Donlen's statement
that it had a secondary policy of insurance on the Delta '88 when the accident occurred.

 Rubin also points to Donlen's statement, in response to an interrogatory, that
Donlen "did not own the vehicle in question and did not purchase insurance for the vehicle
covering it on the date in question." We disagree that this statement constitutes a denial that the
insurance Donlen purchased did not cover the car on the date in question. The plain meaning of
the statement is that Donlen had no insurance for the car on the date of the accident. Neither
statement raises a fact issue on Donlen's ownership of the car when the accident occurred. See
Briones v. Levine's Dep't Store, Inc., 446 S.W.2d 7, 10 (Tex. 1969) (inference cannot be based
on surmise and cannot be based on another inference). Further, Prud'homme's policy insuring
the Delta '88 on February 15, 1991, is evidence that Prud'homme owned the car on that date. 
Tex. R. Civ. Ev. 411.

 Rubin attacks the affidavit testimony of Prud'homme and Prince as being that of
interested witnesses. A summary judgment may be based on uncontroverted testimonial evidence
of an interested witness if the evidence is clear, positive and direct, otherwise credible and free
from contradictions and inconsistencies, and could have been readily controverted. Tex. R. Civ.
P. 166a(c). The testimony of Prud'homme and Prince, as set out above, meets the requirements
of Rule 166a(c). Rubin also contends that the affidavits provide insufficient evidence because
Prud'homme and Prince testify only to an intent to sell the car. The affidavits clearly state facts,
however, showing that Donlen and Prud'homme effected an actual sale of the Delta '88 on
February 19, 1990.

 Last, Rubin contends that the car's license plates, which were current when the
accident occurred, raise a fact issue whether Donlen owned the car. In response to Donlen's
objections, the trial court struck these allegations from Rubin's response to the summary-judgment
motion. Rubin cannot rely on his evidence to create fact issues that were not presented to the trial
court in his written response. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341
(Tex. 1993). We overrule point of error one.

 In point of error two, Rubin argues that the trial court erred in granting Donlen's
motion for protective order, which prohibited Rubin from deposing Prince until after the
summary-judgment hearing. Rubin contends that Prince was a previously undisclosed witness
whose affidavit was crucial to Donlen's summary-judgment motion. Rubin has failed to include
Donlen's motion for protective order in the transcript. Without the motion, we cannot pass on
the propriety of the trial court's order and we presume that the missing motion supports the trial
court's judgment. Charles v. Zamora, 811 S.W.2d 174, 176 (Tex. App.--Corpus Christi 1991,
writ denied); see Tex. R. App. P. 50(d). By failing to make the motion part of the record on
appeal, Rubin has waived any error for review. We therefore overrule point two.

 In point of error three, Rubin claims that, because Prince was a previously
undisclosed witness, the trial court erroneously overruled his objection to Prince's affidavit. The
court's order on Rubin's objections to Donlen's proof does not address this objection. Without
obtaining a ruling on his objection, Rubin presents no error for our review. Tex. R. App. P.
52(a). We overrule point three.

 By cross-point, Donlen urges this Court to assess damages against Rubin for delay. 
See Tex. R. App. P. 84. Rule 84 authorizes an appellate court to award damages if it determines
that the appellant has appealed solely for delay and with no sufficient cause. Gaines v. Frawley,
739 S.W.2d 950, 956-57 (Tex. App.--Fort Worth 1987, no writ); Bullock v. Sage Energy Co., 728
S.W.2d 465, 468-69 (Tex. App.--Austin 1987, writ ref'd n.r.e.). Although Rubin did not provide
a sufficient record and waived error on his last two points of error, his first point presents at least
an arguable basis for reversal. Viewing the case from the advocate's point of view, we cannot
say that Rubin had no reasonable ground to believe that the judgment would be reversed and that
he appealed solely for delay. We therefore overrule Donlen's cross-point.

 We affirm the judgment of the trial court.


Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: November 15, 1995

Do Not Publish

1.   Herb Rubin and Arts Program, Inc., alleged that Herb Rubin was the "key man" of
Arts Program, Inc. We will refer to Herb Rubin by that name and, when not necessary to
distinguish between them, will refer to Herb Rubin and Arts Program, Inc., collectively as
"Rubin." 


y of insurance on the Delta '88 when the accident occurred.

 Rubin also points to Donlen's statement, in response to an interrogatory, that
Donlen "did not own the vehicle in question and did not purchase insurance for the vehicle
covering it on the date in question." We disagree that this statement constitutes a denial that the
insurance Donlen purchased did not cover the car on the date in question. The plain meaning of
the statement is that Donlen had no insurance for the car on the date of the accident. Neither
statement raises a fact issue on Donlen's ownership of the car when the accident occurred. See
Briones v. Levine's Dep't Store, Inc., 446 S.W.2d 7, 10 (Tex. 1969) (inference cannot be based
on surmise and cannot be based on another inference). Further, Prud'homme's policy insuring
the Delta '88 on February 15, 1991, is evidence that Prud'homme owned the car on that date. 
Tex. R. Civ. Ev. 411.

 Rubin attacks the affidavit testimony of Prud'homme and Prince as being that of
interested witnesses. A summary judgment may be based on uncontroverted testimonial evidence
of an interested witness if the evidence is clear, positive and direct, otherwise credible and free
from contradictions and inconsistencies, and could have been readily controverted. Tex. R. Civ.
P. 166a(c). The testimony of Prud'homme and Prince, as set out above, meets the requirements
of Rule 166a(c). Rubin also contends that the affidavits provide insufficient evidence because
Prud'homme and Prince testify only to an intent to sell the car. The affidavits clearly state facts,
however, showing that Donlen and Prud'homme effected an actual sale of the Delta '88 on
February 19, 1990.

 Last, Rubin contends that the car's license plates, which were current when the
accident occurred, raise a fact issue whether Donlen owned the car. In response to Donlen's
objections, the trial court struck these allegations from Rubin's response to the summary-judgment
motion. Rubin cannot rely on his evidence to create fact issues that were not presented to the trial
court in his written response. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341
(Tex. 1993). We overrule point of error one.

 In point of error two, Rubin argues that the trial court erred in granting Donlen's
motion for protective order, which prohibited Rubin from deposing Prince until after the
summary-judgment hearing. Rubin contends that Prince was a previously undisclosed witness
whose affidavit was crucial to Donlen's summary-judgment motion. Rubin has failed to include
Donlen's motion for protective order in the transcript. Without the motion, we cannot pass on
the propriety of the trial court's order and we presume that the missing motion supports the trial
court's judgment. Charles v. Zamora, 811 S.W.2d 174, 176 (Tex. App.--Corpus Christi 1991,
writ denied); see Tex. R. App. P. 50(d). By failing to make the motion part of the record on
appeal, Rubin has waived any error for review. We therefore overrule point two.

 In point of error three, Rubin claims that, because Prince was a previously
undisclosed witness, the trial court erroneously overruled his objection to Prince's affidavit. The
court's order on Rubin's objections to Donlen's proof does not address this objection. Without
obtaining a ruling on his objection, Rubin presents no error for our review. Tex. R. App. P.
52(a). We overrule point three.

 By cross-point, Donlen urges this Court to assess damages against Rubin for delay. 
See Tex. R. App. P. 84. Rule 84 authorizes an appellate court to award damages if it determines
that the appellant has appealed solely for delay and with no sufficient cause. Gaines v. Frawley,
739 S.W.2d 950, 956-57 (Tex. App.--Fort Worth 1987, no writ); Bullock v. Sage Energy Co., 728
S.W.2d 465, 468-69 (Tex. App.--Austin 1987, writ ref'd n.r.e.). Although Rubin did not provide
a sufficient record and waived error on his last two points of error, his first point presents at least
an arguable basis for reversal. Viewing the case from the advocate's point of view, we cannot
say that Rubin had no reasonable ground to believe that the judgment would be reversed and that
he appealed solely for delay. We therefore overrule Donlen's cross-point.

 We affirm the judgment of the trial court.