TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-99-00740-CV

Tina Truong, Appellant

v.

Robert L. Rose, Appellee

FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY

NO. 243,027, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING 

 Appellee Robert Rose sued appellant Tina Truong for damages he sustained in a
car accident. When Truong failed to answer the petition, the trial court rendered a default
judgment against Truong. We will affirm the trial court's judgment.

 In her sole issue, Truong contends that the trial court erred in denying her motion
for new trial and in refusing to set aside the default judgment. Truong argues that her failure to
answer the petition was not intentional, that she has a meritorious defense to Rose's claims, and
that granting a new trial will cause no delay or injury to Rose. See Craddock v. Sunshine Bus
Lines, 133 S.W.2d 124, 126 (Tex. 1939). Truong must show that she has met each of these three
elements to merit a new trial. Id. To support her request for a new trial, Truong relies on an
affidavit and a letter filed in support of her motion.

 Truong, as the party challenging the judgment on appeal, bears the burden to
provide this Court a record showing that the trial court erred. In re Marriage of Spiegel, 6
S.W.2d 643, 646 (Tex. App.--Amarillo 1999, no pet.); Vickery v. Commission for Lawyer
Discipline, 5 S.W.2d 241, 251 (Tex. App.--Houston [1st Dist.] 1999, pet. denied). The clerk's
record, however, does not contain the attachments to Truong's motion for new trial. We presume
that these attachments support the trial court's refusal to grant a new trial. DeSantis v. Wackenhut
Corp., 793 S.W.2d 670, 689 (Tex. 1990); University of Tex. v. Hinton, 822 S.W.2d 197, 202
(Tex. App.--Austin 1991, no writ); Charles v. Zamora, 811 S.W.2d 174, 176 (Tex. App.--Corpus
Christi 1991, writ denied). Truong has thus failed to present a record showing error.

 In addition, Truong's motion to set aside the default judgment and obtain a new
trial is one requiring evidence to be heard by the trial court. See Tex. R. Civ. P. 324(b)(1). The
record does not show, however, that Truong called the motion to the trial court's attention by
requesting a hearing. Rather, Truong allowed the motion to be overruled by operation of law. 
Having failed to give the trial court an opportunity to exercise its discretion in ruling on her
motion, Truong cannot complain that the trial court abused its discretion in denying her a new
trial. See Garcia v. Arbor Green Owners Ass'n, Inc., 838 S.W.2d 800, 802 (Tex. App.--Houston
[1st Dist.] 1992, writ denied); Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank, 703
S.W.2d 356, 357-58 (Tex. App.--Dallas 1985, no writ); see also Tex. R. App. P. 33.1(b)
(overruling motion for new trial by operation of law does not preserve complaint requiring that
evidence be taken). For the reasons given, we overrule Truong's issue.

 We affirm the trial court's judgment.

 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: August 10, 2000

Do Not Publish