Sally **PINCKLEY**, Appellant,

v.

DR. FRANCISCO GALLEGOS, M.D., P.A., Appellee.

No. 04–87–00021–CV.

Court of Appeals of Texas, San Antonio.

Oct. 28, 1987.

Rehearing Denied Dec. 9, 1987.

Atanacio Campos, Austin, for appellant.

Timothy Patton, R. Joe Reser, Groce, Locke & Hebdon, San Antonio, for appellee.

Before CADENA, C.J., and CANTU and REEVES, JJ.

CANTU, Justice.

Appeal is taken from a summary judgment granted in favor of Dr. Francisco Gallegos, defendant below. Appellant filed a medical malpractice suit against Dr. Gallegos alleging that the doctor failed to exercise the appropriate standard of care and thereby failed to prevent certain post-operative complications causing injuries to appellant. Dr. Gallegos filed his motion for summary judgment on September 17, 1986, alleging that as a matter of law appellant's injury was not caused by any breach of duty by Dr. Gallegos. In support of his motion for summary judgment, Dr. Gallegos included two affidavits from physicians in the community and copies of two disclosure and consent forms executed by appellant before surgery which warned of the possibility of the complication appellant ultimately developed. The affidavits disclose that both physicians studied the medical records and concluded in detail that appellant's injury was a common complica-

tion of the type of surgery she underwent. Moreover, the affidavits state that Dr. Gallegos' treatment met the standard of care in the community, and that appellant was informed of the nature of the surgery in accordance with the community standards.

In response to the summary judgment motion, appellant filed an answer and requested a continuance. The motion for continuance was granted and the summary judgment hearing was reset from October 15, 1986 to November 17, 1986. Appellant did not file any controverting evidence in response to the summary judgment motion prior to seven days before the scheduled hearing, nor does the record reflect any request for leave to file a late response. On November 12, less than seven days before the scheduled hearing, appellant filed an amended answer including supporting affidavits by appellant and appellant's attorney. At the hearing, the court considered those pleadings and affidavits which were "on file," as recited in the summary judgment, but the record is silent as to whether the court considered or gave permission to file appellant's untimely response and proof.

The trial court granted Dr. Gallegos' motion for summary judgment on November 17, 1986, and rendered judgment that appellant take nothing. We affirm.

Appellant raises five points of error. Appellant's first point of error has to do with the movant's burden of proof. Points of error numbers two, three, and five all concern questions of fact allegedly raised in appellant's late filed response. Point of error four concerns the requirement of a readily controvertible affidavit.

### Movant's Burden of Proof

■ Appellant contends in the first point of error that Dr. Gallegos failed to discharge his burden of proof that the movant is entitled to judgment as a matter of law. See TEX.R.CIV.P. 166–A(c). Appellant correctly states that she, as the non-moving party, is required to show opposing evidence to the motion for summary judgment only after the movant has presented competent extrinsic evidence. *See Nutchey v. Three R's Trucking Co., Inc.*, 674 S.W.2d 928, 929 (Tex.App.—Amarillo 1984, writ ref'd n.r.e.); *Tabor v. Medical Center Bank*, 534 S.W.2d 199, 200 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ). Because the underlying cause of action was medical malpractice, in order to establish that he was entitled to the judgment as a matter of law, Dr. Gallegos had the burden to negate one of the essential elements and show no material issue of fact. The necessary elements of medical malpractice are (1) a duty of the physician to act according to a certain standard; (2) breach of the applicable standard of care; (3) injury; and (4) causal connection between the breach of care and the harm. *See Wheeler v. Aldama–Luebbert*, 707 S.W.2d 213, 217 (Tex. App.—Houston [1st Dist.] 1986, no writ).

■ Once the movant for summary judgment has negated one of these essential elements of the cause of action, the burden is on the appellant-nonmovant to produce controverting evidence raising an issue of fact as to the elements negated. *See Nicholson v. Memorial Hosp. Sys.*, 722 S.W.2d 746, 751 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). According to rule 166–A(c):

... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter con-

cerning which the trier of fact must be guided solely by opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

TEX.R.CIV.P. 166–A(c).

■ In this case, Dr. Gallegos negated the elements of breach of duty and proximate causation. The two experts' affidavits clearly stated that there was no breach of duty because Dr. Gallegos had acted in conformity with the applicable standard of care and that there was no proximate causation because the injury to appellant was not due to any negligence on the part of Dr. Gallegos. We hold that the two affidavits and the consent forms presented by Dr. Gallegos are "clear, positive and direct, otherwise credible and free from contradictions and could have been readily controverted." TEX.R.CIV.P. 166–A(c). Thus, the expert affidavits were proper and sufficient to negate two essential elements of appellant's cause of action, and it was incumbent upon appellant to produce opposing affidavits or evidence to show a material fact issue as to those elements.

We hold Dr. Gallegos met his burden of proof on the summary judgment motion, and we overrule appellant's first point of error.

### Relative Merits of Affidavits and Appellant's Late Response

Next, we address appellant's points of error two, three and five. In point of error two, appellant contends that the trial court erred in granting the summary judgment because appellant's affidavit presented a material fact issue regarding the accuracy of the medical records. In point of error three, appellant contends that it was error to enter summary judgment because appellant's affidavit controverted material elements of Dr. Gallegos' "medical evidence." In point of error five, appellant contends that the trial court improperly weighed the relative merits of the opposing affidavits.

■ The threshold issue for all three of these points of error is whether the trial

court considered the appellant's affidavits in deciding this case. Appellant filed no affidavits nor evidence of any kind to oppose the summary judgment motion prior to 7 days before the hearing. It is not an abuse of discretion for the trial court to refuse to consider appellant's opposing affidavits which were not timely filed. Rule 166–A(c) provides:

> ... Except on leave of court, the adverse party, not later than 7 days prior to the day of hearing, may file and serve opposing affidavits or other written response....

This rule has been construed to mean that a late filed response is a nullity unless the record affirmatively shows the trial court's acceptance of the late filing. See, e.g., *INA of Texas v. Bryant*, 686 S.W.2d 614, 615 (Tex.1985) (presume trial court did not consider untimely summary judgment response when no record of leave to file); *Energo Internat'l Corp. v. Modern Industrial Heating, Inc.*, 722 S.W.2d 149, 152 (Tex.App.—Dallas 1986, no writ) (docket sheet entry does not indicate trial court accepted late-filed pleadings); *Nava v. Steubing*, 700 S.W.2d 668, 670 (Tex.App.—San Antonio 1985, no writ) (record must reflect affirmative indication of acceptance when trial court allows late filing of affidavit); *Whitexintl Corp. v. Justin Cos.*, 669 S.W.2d 875, 877 (Tex.App.—Fort Worth 1984, no writ) (appeal court will not assume trial court accepted late filed answer if no affirmative indication on record).

■ We must presume that the trial court, in its discretion, did not accept appellant's late filed affidavits because the record in this case does not affirmatively reflect the trial court's acceptance of those affidavits. Because appellant's controverting affidavits were not before the court, appellant cannot thereby raise fact issues on appeal to defeat the summary judgment. See *Whitexintl Corp. v. Justin Cos.*, 669 S.W.2d 875, 877 (Tex.App.—Fort Worth 1984, no writ). Thus, this court may consider only the plaintiff's "First Motion for Continuance and Answer to Defendant's Motion for Summary Judgment" with the affidavit in support of continuance filed

October 16, 1986, and the plaintiff's "First Amended Answer to Defendant's Motion for Summary Judgment" filed February 28, 1986; however, we may not consider any affidavits filed after that time. Appellant's only controverting evidence on record opposing Dr. Gallegos' affidavits was appellant's October 13, 1986 affidavit in support of continuance which stated:

> ... Affiant believes that such discovery will disclose those facts material and essential in this cause to show that defendant was negligent as outlined in plaintiff's original petition.
>
> Such facts cannot now be stated by controverting affidavit because plaintiff has not yet secured all the discovery material to be made available for review by an expert witness. Plaintiff believes review of these materials by an expert would allow adequate protection to prepare her opposition to defendant's motion for summary judgment.

■ Conclusory remarks in an affidavit are not sufficient as a matter of law to raise a fact issue. *See Schultz v. General Motors Acceptance Corp.*, 704 S.W.2d 797, 801 (Tex.App.—Dallas 1985, no writ); *Sterling Constr. Co. v. West Texas Equip. Co. Inc.*, 597 S.W.2d 515, 518 (Tex.Civ.App.—Amarillo 1980, no writ). We hold that appellant's general allegation that a fact issue will be raised in the future has no probative force and does not raise a fact issue for summary judgment purposes.

Appellant's points of error two, three and five are overruled.

### *Readily Controvertible Affidavit Requirement*

Next, we address appellant's fourth point of error claiming that the affidavits filed by Dr. Gallegos in support of the summary judgment were not readily controvertible. Although fraud was not pled in plaintiff's original petition, plaintiff's first amended answer to defendant's motion for summary judgment alleged that Dr. Gallegos' medical records were false and misleading; that appellant did not have fibrocystic disease as reflected in the medical records, but rather had requested cosmetic surgery; and that Dr. Gallegos' expert affidavits were not reliable because they were based on these false records.

■ As previously discussed, appellant did not timely file any affidavits in support of these allegations. On appeal, appellant complains of the reluctance of physicians to testify against fellow members of their profession in medical malpractice cases. To properly preserve error, appellant should have made this complaint in a timely affidavit to the trial court. *See* TEX.R.CIV.P. 166–A(f).[1]

A summary judgment affidavit must be readily controvertible if made by an expert witness as to a subject matter concerning which the trier of fact must be guided solely by expert opinion testimony. TEX. R.CIV.P. 166–A(c). Affidavits have been held uncontrovertible when made by interested witnesses as to their own state of mind. *See, e.g., Bessent v. Times–Herald Printing Co.*, 709 S.W.2d 635 (Tex.1986); *Bankers Commercial Life Ins. Co. v. Scott*, 631 S.W.2d 228 (Tex.App.—Tyler 1982, writ ref'd n.r.e.).

The instant case, however, is readily distinguishable because the experts' affidavits presented by Dr. Gallegos were of disinterested witnesses and did not pertain to an uncontrovertible state of mind. Instead, the affidavits presented pertained to specific facts of whether Dr. Gallegos breached the standard of care in the community and of the causation of appellant's injury.

■ The affidavit in support of summary judgment must be "susceptible of controverting." *See Duncan v. Horning*, 587 S.W.2d 471, 474 (Tex.Civ.App.—Dallas 1979, no writ). The purpose of the summary judgment is to prevent frivolous claims. It stands to reason that in cases where the claim is truly frivolous with no issue of material fact, the party opposing summary judgment will have difficulty finding evi-

1. "Should it appear from the affidavits of a party opposing a motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment ..." TEX.R. CIV.P. 166–A(f).

**534**

dence to support his position. The purpose of the readily controvertible affidavit rule is to preclude summary judgment when there is a true question of fact that is impossible to prove with summary judgment proof. The controvertible rule is directed not at the difficulty of obtaining opposing affidavits but at the situation where it is impossible to obtain controverting evidence. It is impossible for a witness to swear as to having first hand knowledge of another person's state of mind; but it is not impossible for a doctor to swear to having first-hand knowledge as to the elements of malpractice, namely: the standards of the community, whether the particular actions of another doctor were in conformity to those standards, and whether the defendant doctor's actions were the proximate cause of the injury suffered.

Indeed, Texas cases affirming summary judgments based solely on expert affidavits in medical malpractice cases are legion. These cases hold that physician's affidavits are competent summary judgment proof and readily controvertible. *See, e.g., Kemp v. Heffelman,* 713 S.W.2d 751, 752–53 (Tex. App.—Houston [1st Dist.] 1986, no writ); *Milkie v. Metni,* 658 S.W.2d 678, 680–81 (Tex.App.—Dallas 1983, no writ); *see also Duncan v. Horning,* 587 S.W.2d 471, 473–74 (Tex.Civ.App.—Dallas 1979, no writ) (dental malpractice case). We hold that, in a community as large as the one in this case, the reluctance of physicians to testify against other physicians is not sufficient reason to make an affidavit uncontrovertible.

Appellant contends that it was impossible to obtain a controverting affidavit because Dr. Gallegos falsified his records. Summary judgment proof must be based on fact, rather than legal conclusions, and must be such as would be admissible as trial evidence. *See Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984). We hold that appellant waived error, if any. We note that appellant could have executed the necessary controverting affidavit. If fraud is the basis of appellant's complaint, she should have presented proof raising a fact issue and alleging the elements of

fraud, namely: (1) Dr. Gallegos' representations were material and false, (2) that he knew they were false or that he made them recklessly without any knowledge of the truth, (3) that he made it with intention that it be acted upon, (4) that there was reliance on it, and (5) that injury resulted. *See Blum v. Mott,* 664 S.W.2d 741, 745 (Tex.App.—Houston [1st Dist.] 1983, no writ). This appellant failed to do. A mere unsupported allegation of false records is not sufficient proof to raise an issue of fact. Furthermore, pleadings are not summary judgment evidence, even when verified. *Hidalgo v. Surety Sav. & Loan Ass'n,* 462 S.W.2d 540, 545 (Tex.1971). Moreover, the record belies appellant's allegation that the experts' opinions were based solely on the allegedly false medical records supplied by Dr. Gallegos. The record reveals that the affidavits were based in part on Dr. Gallegos' medical records, in part on hospital records and lab reports, in part on the consent forms signed by appellant, and in part on the experts' own knowledge of accepted medical practice.

We agree with the holdings in *Kemp v. Heffelman, supra* and *Milkie v. Metni, supra,* that physicians' affidavits are readily controvertible when negating the elements of medical malpractice. Point of error four is overruled.

The judgment of the trial court is affirmed.