**Maria Antonia GARZA, Appellant,**

v.

**Dr. Phillip LEVIN, Appellee.**

**No. 13–88–251–CV.**

Court of Appeals of Texas, Corpus Christi.

March 30, 1989.

Rehearing Denied May 4, 1989.

Thomas M. Schumacher, Corpus Christi, for appellant.

Donald Dailey, Jr., Carlos Villarreal, Hunt, Hermansen, McKibben & Barger, Corpus Christi, for appellee.

Before NYE, C.J. and KENNEDY and SEERDEN, JJ.

OPINION

NYE, Chief Justice.

Appellant, Maria Garza (Garza), filed a medical malpractice action against appellee, Dr. Phillip Levin. The trial court granted a take-nothing judgment in favor of Dr. Levin. We affirm.

On October 25, 1984, Maria Garza went to the emergency room at Alice Physician's and Surgeon's Hospital. Dr. Levin diagnosed Garza as having gastritis. He treated her and discharged her from the hospital later that afternoon. The same day, Garza went to the emergency room at Spohn Hospital where she underwent an emergency appendectomy for a ruptured appendix.

By one point of error appellant contends the court erred in granting the motion for summary judgment because there were genuine issues of material facts which precluded the granting of summary judgment. We use the following standards when reviewing summary judgment:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact

and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Goswami v. Metropolitan Savings and Loan,* 751 S.W.2d 487, 491 (Tex.1988).

Dr. Levin's summary judgment evidence consists of his personal affidavit. Garza's evidence consists of her personal affidavit and the affidavit of Dr. Martin Flores.

■ Garza first contends that Dr. Levin's summary judgment evidence failed to address all of the allegations in her petition. However, the appellate record does not contain the petition on which the motion for summary judgment was granted. The record reflects that an original petition was filed on January 8, 1987; that the motion for summary judgment was signed on December 18, 1987; and that Garza's first amended original petition was filed on January 15, 1988. An appellate court may only consider the evidence on file before the trial court at the time of the hearing; therefore we do not consider Garza's first amended original petition filed after the granting of the summary judgment. *Gandara v. Novasad,* 752 S.W.2d 740, 743 (Tex. App.—Corpus Christi 1988, no writ). Without the original petition before us we cannot determine whether the affidavit failed to address all the allegations as contended. In fact, we presume the omitted document supports the trial court's judgment. *DeSantis v. Wackenhut Corp.,* 31 Tex.S.Ct.J. 616, 621 (July 13, 1988); *Cantu v. Western Fire and Casualty Ins.,* 716 S.W.2d 737, 739 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). The burden is on the appellant to provide a sufficient record to show reversible error. *Escontrias v. Apodaca,* 629 S.W.2d 697, 699 (Tex.1982); Tex.R.App.P. 50.

Next, Garza urges that the summary judgment evidence failed to establish that no genuine issue exists as to a material fact. Dr. Levin contends that his affidavit served to negate essential elements of Garza's cause of action and that Garza's evidence failed to controvert it.

■ A defendant is entitled to a summary judgment if he establishes, as a matter of law, that at least one element of the plaintiff's cause of action does not exist. *Sakowitz, Inc. v. Steck,* 669 S.W.2d 105, 107–08 (Tex.1984). To recover in a medical malpractice case the plaintiff must prove: "1) a duty requiring the physician to conform to a certain standard of conduct; 2) the applicable standard of care and its breach; 3) injury; and 4) a reasonably close causal connection between the breach of that standard of care and the harm." *Pinckley v. Dr. Francisco Gallegos, M.D., P.A.,* 740 S.W.2d 529, 531 (Tex.App.—San Antonio 1987, writ denied); *Wheeler v. Aldama–Luebbert,* 707 S.W.2d 213, 217 (Tex. App.—Houston [1st Dist.] 1986, no writ). When the movant for summary judgment has negated one of the essential elements of the cause of action, the burden is on the non-movant to produce controverting evidence raising an issue of fact as to the element negated. *Pinckley,* 740 S.W.2d at 531; *Nicholson v. Memorial Hospital System,* 722 S.W.2d 746, 751 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

Dr. Levin's affidavit explained his qualifications: described the treatment he performed on Garza; stated that he was familiar with the standard of care; stated that it was his opinion the treatment was in accordance with the appropriate standard of care; and stated that the same would have been performed by a reasonably prudent physician acting under the same or similar circumstances. He denied that his diagnosis was negligent and stated that in his opinion, based on reasonable medical probability, nothing he did caused damage to Garza. This affidavit is clear, positive, and direct, otherwise credible and free from contradictions and inconsistencies. It was readily controvertible if untrue. Thus, Dr. Levin's affidavit was sufficient to negate the elements of breach of the applicable standard of care and causal connection between the breach of care and the harm

suffered. *See* Rule 166a(c); *Milkie v. Metni,* 658 S.W.2d 678 (Tex.App.—Dallas 1983, no writ); *Duncan v. Horning,* 587 S.W.2d 471 (Tex.Civ.App.—Dallas 1979, no writ).

■ Appellant Garza was required to introduce competent controverting summary judgment proof to show the existence of a genuine issue of material fact regarding the issue of negligence. First we note that Garza's personal affidavit is not competent controverting proof because medical conclusions of a lay witness are not competent evidence for the purpose of controverting expert opinion evidence. *Gandara,* 752 S.W.2d at 743; *Nicholson,* 722 S.W.2d at 751. The only other possible controverting evidence was an affidavit of Dr. Martin Flores. Dr. Flores explained that he is a medical doctor and received his M.D. degree from a university in Mexico. He stated that he is employed in a hospital in Corpus Christi; however, in this affidavit, a sentence that said he practiced at the hospital in Corpus Christi was scratched out. Dr. Flores described what he believed would be the proper treatment under "the appropriate standard of care." He stated that, in his opinion based on reasonable medical probability, Dr. Levin should have given Garza different treatment. He said, "His (Dr. Levin's) standard of care was substandard."

Dr. Levin urges on appeal that Dr. Flores' affidavit failed to establish that he was competent to testify as an expert. Regarding this contention, Dr. Levin has a motion before this court requesting to supplement the record with a statement of facts of the summary judgment hearing to show that the trial court below considered the lack of competency of Dr. Flores. We deny the motion.

■ Even if we were to consider Dr. Flores' affidavit, Garza's evidence would fail to controvert Dr. Levin's summary judgment proof because Dr. Flores' affidavit contains no statement that there was a causal connection between any alleged acts or omissions on the part of Dr. Levin and Garza's alleged injury. *Wheeler,* 707 S.W. 2d at 218; *Duncan,* 587 S.W.2d at 474. In a medical negligence action, proximate cause is an element that ordinarily must be proven by expert testimony. *Nicholson,* 722 S.W.2d at 751; *Ortiz v. Santa Rosa Medical Center,* 702 S.W.2d 701, 705 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.).

Garza additionally argues that a fact issue existed because there is a conflict between Garza's personal affidavit and Dr. Levin's affidavit. In particular, Garza claims that her testimony that she told Dr. Levin that she was still in pain and was bloated before being released, contradicted Dr. Levin's testimony that appellant Garza told him she was fine. As Dr. Levin suggests, Garza's argument mischaracterizes Dr. Levin's statements. The relevant language in Dr. Levin's affidavit was that about two hours after he initially examined her,

> Mrs. Garza said that she was feeling better after the injection and that her pain was less and that her nausea was less. Therefore, I instructed Mrs. Garza that she should go home to rest, drink plenty of fluids, and if she was not better in a day or two, to return to the emergency room or to her family physician, Dr. Crisp.

This testimony did not conflict with Garza's statements.

Garza's point of error is overruled. The judgment of the trial court is affirmed.