TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00730-CV







Lorraine Poole, Appellant




v.




William O. Whitehurst, Jr., Thomas R. Harkness, Kirk P. Watson, 

Alice Oppenheim London, Scott A. Ozmun, Jerry Galow,

Cynthia K. Stewart and Michael E. J. Archuleta, Appellees







FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 154,921-C, HONORABLE OLIVER KELLY, JUDGE PRESIDING







PER CURIAM


 Appellant Lorraine Poole appeals a summary judgment in favor of appellees
William O. Whitehurst, Jr., Thomas R. Harkness, Kirk P. Watson, Alice Oppenheim London,
Scott A. Ozmun, Jerry Galow, Cynthia K. Stewart, and Michael E. J. Archuleta. We will affirm
the trial-court judgment.



THE CONTROVERSY


 Poole brought a legal malpractice suit against appellees, alleging that Galow, an
attorney at the law firm of Whitehurst, Harkness, Watson, London, Ozmun & Galow, P.C.,
negligently handled a case she brought after her husband died. Appellees are either attorneys
employed by, or shareholders of, Whitehurst, Harkness, Watson, London, Ozmun and Galow,
P.C. In the underlying suit, Poole alleged that City of Killeen emergency medical services
("EMS") personnel had negligently caused her husband's death; that an ambulance driver had
struggled with her and other family members; that Killeen police had entered the fray; and that
ultimately she, other family members, and a neighbor were jailed in an altercation that occurred
while EMS personnel attended to her husband after he suffered a heart attack.

 After Poole lost her case in the Fifth Circuit, she filed a pro se petition naming
appellees as defendants. Her petition alleged that appellees were liable to her for Galow's
negligence in handling her case.



ANALYSIS


 The standards for reviewing a motion for summary judgment are well established. 
The movant for summary judgment has the burden of showing that no genuine issue of material
fact exists and that it is entitled to judgment as a matter of law. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). In deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the nonmovant will be
taken as true. Id. Every reasonable inference must be indulged in favor of the nonmovant and
any doubts resolved in its favor. Id. A defendant is entitled to summary judgment if it can negate
a single essential element of the plaintiff's cause of action. Gibbs v. General Motors Corp., 450
S.W.2d 827, 828 (Tex. 1970).

 Appellees filed a joint motion for summary judgment, which the trial court granted. 
Poole appeals by two points of error. By point of error one, she claims that the trial court erred
in granting summary judgment because genuine issues of material fact remain. By point of error
two, she alleges that the trial court erred in granting summary judgment because appellees did not
disprove an essential element of her cause of action as a matter of law or did not establish all
elements of their defense as a matter of law.

 An attorney malpractice action is based on negligence. Cosgrove v. Grimes, 774
S.W.2d 662, 664 (Tex. 1989). Negligence consists of: (1) a legal duty owed by one person to
another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. 
Cosgrove, 774 S.W.2d at 664-65; Mackie v. McKenzie, 900 S.W.2d 445, 448 (Tex.
App.--Texarkana 1995, writ denied).

 The Texas Supreme Court has described an attorney's duty and the breach thereof:



 A lawyer in Texas is held to the standard of care which would be exercised
by a reasonably prudent attorney. The jury must evaluate his conduct based on the
information the attorney has at the time of the alleged act of negligence. In some
instances an attorney is required to make tactical or strategic decisions. 


. . . .

 

 If an attorney makes a decision which a reasonably prudent attorney could
make in the same or similar circumstance, it is not an act of negligence even if the
result is undesirable. Attorneys cannot be held strictly liable for all of their clients'
unfulfilled expectations. An attorney who makes a reasonable decision in the
handling of a case may not be held liable if the decision later proves to be
imperfect. The standard is an objective exercise of professional judgment. . . .



Cosgrove, 774 S.W.2d at 664-65.

 We will examine appellees' acts and summary judgment proof.



I. Galow


 A. Summary Judgment Ground and Proof

 Galow was Poole's attorney. Appellees moved for summary judgment in favor of
Galow on the ground that he did not breach the appropriate standard of care.

 An attorney's expert testimony is necessary to establish the standard of skill and
care ordinarily exercised by an attorney. Anderson v. Snider, 808 S.W.2d 54, 55 (Tex. 1991). 
If the evidence is legally sufficient, the plaintiff is generally required to controvert the expert
testimony with other expert testimony. Id. Once expert opinion establishes that the defendant's
acts conformed to the standard of care, the plaintiff must, with few exceptions, offer expert
testimony to contradict the defendant's expert testimony. Hall v. Rutherford, 911 S.W.2d 422,
424 (Tex. App.--San Antonio 1995, writ denied). A lay witness's testimony is generally not
competent to controvert an expert witness's opinion. Anderson, 808 S.W.2d at 55; Nicholson v.
Memorial Hosp. Sys., 722 S.W.2d 746, 751 (Tex. App.--Houston [14th Dist.] 1986, writ ref'd
n.r.e.).

 Poole's petition is difficult to decipher. However, we will interpret it broadly. 
Smith v. Ortman-McCain Co., 537 S.W.2d 515, 517 (Tex. Civ. App.--Austin 1976, writ ref'd
n.r.e.). Poole alleged that Galow was negligent in that: (1) he did not point out to the City's
expert or to the court deposition testimony that Poole believes would have changed the case's
outcome; (2) he "dropped" the wrongful death cause of action; and (3) he did not notify her of
the Fifth Circuit's denial of her motion for rehearing.

 Galow's affidavit described the standard of care of a reasonably prudent attorney
in Bell County when taking over a case, deciding what causes of action to pursue, and appealing
the case. He described the acts he took, and stated that, in his opinion, his acts met the
professional standard required. We find his affidavit legally sufficient to sustain his burden.

 

 

 B. Poole's Response

 Once Galow met his burden, Poole should have countered Galow's testimony with
expert testimony. She did not do so. Poole cites Mosaga, S.A. v. Baker & Botts, 780 S.W.2d
3, 5-6 (Tex. App.--Eastland 1989, no writ), for the proposition that expert testimony is not always
required to rebut the defendant's expert testimony. The Mosaga court held that the plaintiff's
affidavit was sufficient to rebut the defendant's expert testimony because the agreement the
defendants prepared violated the terms of the Real Estate License Act. Mosaga does not apply
here because no statute has been violated.

 Nonexpert testimony that disputes factual statements in the affiant's testimony may
also create factual issues precluding summary judgment. Cloys v. Turbin, 608 S.W.2d 697,700
(Tex. Civ. App.--Dallas 1980, no writ) (lay witness testimony that contradicted factual statements
in defendant's affidavit prevented summary judgment). However, the assertion must be
substantiated. Pinckley v. Gallegos, 740 S.W.2d 529, 534 (Tex. App.--San Antonio 1987, writ
denied) (unsupported allegations of falsity not sufficient to raise fact issue). Further, the statement
must relate to a material fact. Garza v. Levin, 769 S.W.2d 644, 646 (Tex. App.--Corpus Christi
1989, writ denied); Poindexter v. Foster, 772 S.W.2d 205, 208 (Tex. App.--Beaumont 1989, writ
denied); Kemp v. Heffelman, 713 S.W.2d 751, 752 (Tex. App.--Houston [1st Dist.] 1986, no
writ). We will examine Poole's response and evidence to determine whether an exception applies.

 In her response, Poole disputed the sufficiency and truthfulness of Galow's
affidavit. She also attached approximately two-hundred pages of randomly ordered documents
including portions of depositions, pages from digests, letters she had sent to the Fifth Circuit, the
United States Supreme Court, the Attorney General of the United States, and the State Bar of
Texas, letters opposing counsel sent the court, letters Galow sent her, and several affidavits.

 We have read the response and attachments, and conclude that the documents do
not raise a material issue of fact that would preclude summary judgment. Indeed, the documents
support rather than rebut Galow's affidavit.


 

 C. Deposition Testimony

 Poole complained in her response that Galow did not bring Albert B. Gonzales'
deposition testimony to the attention of defendant City of Killeen's expert witness Tomas C.
Mijares or to the court. She believes that doing so would have caused Mijares to reconsider his
position that Officer Carey had not used excessive force. To counter Galow's testimony that he
acted in accordance with the appropriate standard, she must have presented expert testimony. Her
assertions to the contrary are not sufficient to rebut Galow's affidavit. Anderson, 803 S.W.2d at
55. (1)


 1. Wrongful Death Cause of Action

 A motion for summary judgment may not be granted simply because the nonmovant
does not respond. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex.
1979). Until the movant has satisfied its burden, the burden does not shift to the nonmovant to
raise issues of fact that would defeat summary judgment. Id. But, once the movant has met its
burden, a nonmovant must expressly raise in its response issues that would preclude summary
judgment. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993);
Pinckley, 740 S.W.2d at 534.

 Here, since Galow met his burden regarding the causes of action he filed, Poole's
response should have raised issues that would preclude summary judgment. (2) Garza v. Levin, 769
S.W.2d 644, 645 (Tex. App.--Corpus Christi 1989, writ denied). Poole's response does not
address Galow's testimony that, after reviewing the facts and researching the law, he concluded
that the plaintiff's best opportunity to prevail was under a § 1983 complaint. (3)



 2. Fifth Circuit Motion for Rehearing

 Poole complained in her response that Galow's affidavit was "false" in that she
discovered that the Fifth Circuit had overruled her motion for rehearing before he advised her of
that fact.  We first note that her statement and Galow's statement do not necessarily conflict. See
Garza, 769 S.W.2d at 646. Accepting her allegation that he did not timely notify her of the ruling
as true, the summary judgment evidence shows that she and Galow discussed the decision and that
Galow timely filed a brief in the supreme court on her behalf. Galow withdrew the brief when
Poole, against his advice, dismissed him as her attorney and filed her own petition for writ of
certiorari. Without expert testimony, her allegation is not sufficient to raise a fact issue regarding
the propriety of Galow's conduct. Further, since Galow actually filed a brief on her behalf, any
tardiness in contacting her is immaterial to the issue of malpractice. Immaterial fact issues will
not preclude the grant of summary judgment. Marshall v. Sackett, 907 S.W.2d 925, 936 (Tex.
App.--Houston [1st Dist.] 1995, no writ); Liggett v. Blocher, 849 S.W.2d 846, 852 (Tex.
App.--Houston [1st Dist.] 1993, no writ).


 3. Other Allegations

 Poole also alleges that Galow's affidavit "falsely" described his actions in filing the
brief in the United States Supreme Court. Although it is not clear what she considers to be false,
it appears that her complaint is that he stated she fired him after he had filed the brief in the
Supreme Court, while she claims that he filed the brief on December 6, 1993, even though she
fired him by letter dated December 3, 1993.

 First, even if true, her allegation is immaterial since she did not state how she was
injured by his filing a brief on her behalf. Liggett, 849 S.W.2d at 852. Second, Poole offered
no competent summary judgment proof in support of her allegation. Pinckley, 740 S.W.2d at
534. Allegations in her response are not summary judgment evidence. Musgrave v. Lopez, 861
S.W.2d 262, 264 (Tex. App.--Corpus Christi 1993, no writ); Liggett, 849 S.W.2d at 852. She
cites to the City of Killeen's attorney Diane C. Van Helden's letter to Galow, which states that
Poole "apparently" fired him on December 3. Van Helden has no personal knowledge of when
Poole fired Galow; further, her letter is equivocal. Van Helden's letter does not refute Galow's
affidavit.


 

 4. New Issue in Response

 In addition, Poole raised in her response an issue not in her petition: that Galow
failed to show up at a 1991 dismissal hearing. Since appellees did not object to the new issue, we
will consider it. Cates v. Cincinnati Life Ins. Co., 909 S.W.2d 186, 191 (Tex. App.--Texarkana
1995), rev'd on other grounds, Cincinnati Life Ins. Co. v. Cates, 39 Tex. Sup. Ct. J. 896 (July
8, 1996); see also Roark v. Stallworth Oil & Gas, Inc., 813 S.W.2d 492, 494 (Tex. 1991)
(unpleaded affirmative defense may serve as basis for summary judgment if not objected to). We
hold that the allegation is immaterial since the record shows that the case was reinstated. Further,
since Galow testified that he acted in accordance with the standard of care, expert testimony is
necessary to show that he was negligent.



 5. Additional Document

 Poole later filed an additional document, entitled variously "Affidavit," "Plaintiff
First Amended Petition," [sic] and "Response of Plaintiff to Defendant"s Motion for Summary
Judgment" [sic]. Since the document responds to the summary judgment motion and is sworn to,
we will consider it her sworn affidavit in support of her response. We also believe that this
interpretation favors her most, since otherwise the only sworn affidavit she filed in support of her
response to summary judgment simply states that she is not acting as an attorney for any other
party to the suit. (4)

 Poole raised new issues in her affidavit. A nonmovant may prevail on appeal only
on issues expressly stated in her response. McConnell, 858 S.W.2d at 341. We note that the
document was also designated as a response to summary judgment, but do not believe we can
consider it both as a response and as an affidavit. Doing so would give litigants who file defective
documents an unfair advantage over those who proceed properly.

 In any event, we determine that the new issues would not affect the outcome. First,
Poole alleged that Galow did not disclose that the City of Killeen's insurer had to request a
demand letter from her former attorney twice before the attorney responded. The insurer's letter
is immaterial; it was written before Galow handled the case and she alleges no ill-consequences
therefrom.

 Second, Poole complained that Galow failed to personally contact individuals who
she considers to be material witnesses and who had given a video deposition within a week of the
event. The determination of who is a material fact witness and whether an attorney should
personally depose individuals whose testimony was contemporaneously videotaped, are all issues
relevant to whether Galow acted within the standard of care. Galow's affidavit stated that he
deposed the principal fact witnesses in accordance with the proper standard of care. Therefore,
Poole's allegation must have been supported by expert witness testimony.

 Third, Poole complained that Galow did not discover or disclose that, in 1988, the
City of Killeen attorney advised a city employee to seal the record of the incident because
litigation was threatened, which Poole considers an "obstruction of justice." Galow's affidavit
stated that, upon taking over the case, he reviewed the file, researched the law, and took
appropriate acts. In the face of this testimony, Poole must have obtained expert testimony that
Galow had a duty to investigate.

 In sum, we conclude that Poole's response and supporting evidence does not raise
a material fact issue. We further conclude that the trial court did not err by granting summary
judgment in Galow's favor.

 


II. Harkness, Watson, Oppenheim, Stewart, and Archuleta

 Appellees moved for summary judgment in favor of Harkness, Watson,
Oppenheim, Stewart, and Archuleta on the ground that they have no direct liability because they
did not have an attorney-client relationship with Poole. Appellees further claimed that Harkness,
Watson, Oppenheim, Stewart, and Archuleta have no vicarious liability because they are protected
by the Texas Professional Corporation Act. We agree.

 The affidavits of Harkness, Watson, Oppenheim, Stewart, and Archuleta show that
they never had any involvement, direct or indirect, in the representation of the Poole family so
no attorney-client relationship formed. They owed Poole no duty. Rea v. Cofer, 879 S.W.2d
224, 228 (Tex. App.--Houston [1st Dist.] 1994, no writ); Yaklin v. Glusing, Sharpe, & Krueger,
875 S.W.2d 380, 383 (Tex. App.--Corpus Christi 1994, no writ). Without a duty, they cannot be
liable for the breach thereof. Rea, 879 S.W.2d at 228-29.

 Further, they cannot be vicariously liable for Galow's negligence, if any. Section
16 of the Texas Professional Corporation Act provides that:



The corporation (but not the individual shareholders, officers or directors) shall be
jointly and severally liable with the officer, employee or agent rendering
professional service for such professional errors, omissions, negligence,
incompetence or malfeasance on the part of such officer, employee or agent when
such officer, employee or agent is in the course of his employment for the
corporation. (5)



Tex. Rev. Civ. Stat. Ann. art. 1528e §16 (West Supp. 1996) (emphasis added). We conclude that
the trial court did not err by granting summary judgment in favor of Harkness, Watson,
Oppenheim, Stewart, and Archuleta.



III. Whitehurst and Ozmun

 Appellees moved for summary judgment in favor of Whitehurst and Ozmun on the
grounds that Whitehurst and Ozmun had only a limited attorney-client relationship with Poole,
that Poole did not allege any negligence on the part of Whitehurst and Ozmun, and that
Whitehurst and Ozmun are not vicariously liable for Galow's negligence. We agree.

 Whitehurst and Galow attested that Whitehurst signed the brief filed in the United
States Supreme Court because Galow was not yet admitted to practice before the Court. The brief
was withdrawn at Poole's request before the Supreme Court considered it. Whitehurst's only
other involvement was to take a complaint call from Poole, who alleged that Galow had not
informed her that the Fifth Circuit had denied her motion for rehearing. Both Whitehurst and
Galow averred that Whitehurst had no involvement in the case other than that.

 Ozmun and Galow averred that Ozmun's only participation was to sign a brief filed
in the Fifth Circuit in order to argue before that court. They both swore that Ozmun did not
prepare the brief or participate in strategic decisions. 

 Because Whitehurst's, Ozmun's, and Galow's affidavits show that neither
Whitehurst nor Ozmun committed any negligent acts, neither are individually liable. (6) 

 Further, Whitehurst and Ozmun are protected by statute from vicarious liability for
Galow's negligence, if any. Tex. Rev. Civ. Stat. Ann. art. 1528e §16 (West Supp. 1996). We
conclude that the trial court did not err by granting summary judgment in favor of Whitehurst and
Ozmun.



CONCLUSION


 Finding no error, we overrule points one and two. We affirm the trial-court
judgment.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: August 28, 1996

Do Not Publish

1.   Further, evidence she submitted supports Galow's statement. Mijares testified that
Officer Carey did not use excessive force, based on his review of documents that included
Gonzales' two written statements. Mijares stated that he relied heavily on Gonzales'
testimony since Gonzales, Poole's neighbor, was a "disinterested" witness. Poole's theory
is that Gonzales' deposition contradicts his written statement. But there is no discrepancy
between the deposition and the written statements. Gonzales did state in his deposition
that he made the written statements at the request of Officer Carey, but stated that he
thought at the time, and still believed, that the events that developed were not Carey's
fault. He did not, as Poole suggests, admit that he had lied in his written affidavits. 
2.   In her supplemental appellate brief, Poole alleges for the first time that Galow
dropped the cause of action without her permission or knowledge. Since she did not
allege that in her response, she is precluded from raising it on appeal. City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). Further, the only evidence in
the summary judgment record, Galow's May 14, 1992, letter, does not support this allegation. 
The letter recommends that she drop the wrongful death claim but states, "This decision has to
be yours." Finally, the complaint is directed at whether Galow met the appropriate standard of
care, which must be rebutted by expert testimony.
3.   Further, the only document in the summary judgment evidence she submitted,
Galow's May 14, 1992, letter to Poole, supports Galow's conclusion that he acted within
the standard of care. The letter states that he had expert witnesses review the facts
underlying the wrongful death claim, but "[n]ot only can my experts find no fault in the
treatments rendered by the EMS personnel, but they feel that in reasonable medical
probability your father would have died regardless of the efforts to resuscitate him." The
letter further recommended that they drop the wrongful death claim because it would
"dilute our better cause of action against the police officer and cause us to needlessly
expend money on this case on what is in all likelihood a losing effort."
4.   A petition or a summary judgment response, even if sworn to, is not competent
summary judgment evidence. City of Houston, 589 S.W.2d at 671 (sworn pleading not
evidence); Webster v. Allstate Ins. Co., 833 S.W.2d 747, 749 (Tex. App.--Houston [1st Dist.]
1992, no writ) (sworn response not evidence).
5.   The professional corporation is not a party to the lawsuit.
6.   Also, we note that Poole's petition did not allege any personal negligence on the part
of either Whitehurst or Ozmun.