Miguel N. LOPEZ, Appellant,

v.

Dr. Emma CARRILLO, D.D.S.; Jennifer Lozano; and Community Action Council of South Texas, Appellees.

No. 04–95–00682–CV.

Court of Appeals of Texas, San Antonio.

Jan. 15, 1997.

Rehearing Overruled Feb. 6, 1997.

Adolfo "Al" Alvarez, Law Offices of Adolfo Alvarez, McAllen, Keith C. Livesay, Law Of-

fices of Keith C. Livesay, McAllen, for Appellant.

John R. Lyde, Brin & Brin, P.C., Edinburg, Linda C. Breck, Thomas F. Nye, Brin & Brin, P.C., Corpus Christi, for Appellees.

Before STONE, GREEN and ANGELINI, JJ.

**OPINION**

GREEN, Justice.

Miguel N. Lopez claims to have been injured when he swallowed a dental drill bit that fell into his mouth during a dental procedure. He sued his dentist, Emma Carrillo, D.D.S., but the trial court rendered a summary judgment in Carrillo's favor.[1] In this appeal, Lopez contends the trial court erred in granting the summary judgment because the judgment was based on legally insufficient evidence and because a material fact issue was raised. Lopez also complains about adverse rulings of the trial court concerning written objections and evidence filed by Carrillo on the eve of the summary judgment hearing. We affirm.

*Factual and Procedural Background*

Lopez visited Carrillo for some dental work. During the procedure, a dental drill bit, or bur, fell into Lopez's open mouth and came to rest on the back of his tongue. Lopez swallowed it. The mechanism causing the bur to be dropped is disputed. Either it came loose from a drill being used by Carrillo, or it somehow became magnetized, attached itself to another instrument being used by Carrillo, and spontaneously detached itself at an inopportune moment. Regardless of the cause, Lopez claims that as a result of this occurrence he has suffered physical pain and mental anguish and has incurred medical expenses.

Carrillo moved for summary judgment on the grounds that she was not negligent and that her acts were not the proximate cause of any damages to Lopez. The motion was supported by Carrillo's affidavit in which she

1. After the summary judgment was granted, Lopez' remaining claims against Jennifer Lozano and Community Action Counsel of South Texas were severed, making the summary judgment final for purposes of appeal.

described the applicable standard of care for a general dentist under the circumstances presented in this case, and noted that her treatment of Lopez met or exceeded the applicable standard of care. Carrillo further stated in her affidavit that "nothing I did or failed to do, proximately caused or contributed to cause any damage to Mr. Lopez."

In his summary judgment response, timely filed but received by Carrillo three business days before the hearing, Lopez objected to Carrillo's affidavit because it was based on hearsay, it was conclusory, and because Carrillo failed to indicate the source of her personal knowledge. In short, Lopez argued that Carrillo's affidavit was incompetent and thus legally insufficient to support the summary judgment. Lopez also filed his own affidavit, which he claims raises material fact issues on the question of Carrillo's negligence and the element of proximate cause.

In answer to Lopez's summary judgment response, Carrillo filed an objection to Lopez's affidavit and a motion for leave to supplement her summary judgment evidence. The trial court struck the complained of portions of Lopez's affidavit, and permitted Carrillo to supplement her proof with the deposition testimony of Dr. Mario Jimenez, a properly designated medical expert, who testified that swallowing the drill bit caused "absolutely" no physical harm to Lopez.

The trial court granted a take-nothing summary judgment in favor of Carrillo without stating the basis therefor.

### Discussion

■ A summary judgment movant has the burden of establishing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A defendant moving for summary judgment must conclusively negate one or more elements of the plaintiff's cause of action in order to prevail. *Edwards v. Garcia–Gregory*, 866 S.W.2d 780, 786 (Tex.App.—Houston [14th Dist.] 1993, writ denied); *Greene v. Thiet*, 846 S.W.2d 26, 29 (Tex.App.—San Antonio 1992, writ denied). If the defendant shows that no material fact issue exists and

proves an entitlement to judgment, the burden then shifts to the non-moving plaintiff to raise a fact issue to avoid summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Greene v. Thiet*, 846 S.W.2d at 33. If the non-movant fails to raise a fact issue under those circumstances, the summary judgment must be affirmed. *Greene v. Thiet*, 846 S.W.2d at 33.

■ To prevail in a medical malpractice action, a plaintiff must establish "(1) a duty of the physician to act according to a certain standard; (2) breach of the applicable standard of care; (3) injury; and (4) causal connection between the breach of care and the harm." *Pinckley v. Gallegos*, 740 S.W.2d 529, 531 (Tex.App.—San Antonio 1987, writ denied). Establishing the right to summary judgment in a medical malpractice action, as well as negating that right, generally depends on expert medical testimony. *Chopra v. Hawryluk*, 892 S.W.2d 229, 231 (Tex. App.—El Paso 1995, writ denied). Expert testimony is required on the issues of medical negligence and causation. *See Hart v. Van Zandt*, 399 S.W.2d 791, 792 (Tex.1965). If a defendant-movant in a medical malpractice action negates an element of plaintiff's cause of action by competent summary judgment proof (*i.e.*, expert testimony), the non-movant plaintiff is required to present expert testimony in order to raise a fact issue. *See Garza v. Levin*, 769 S.W.2d 644, 646 (Tex. App.—Corpus Christi 1989, writ denied) (medical conclusions of lay witness not competent evidence for the purpose of controverting expert opinion evidence).

The question on appeal is whether Carrillo successfully negated an element of Lopez's negligence cause of action as a matter of law. We begin the analysis by assuming the trial court erred in striking portions of Lopez's affidavit and in considering Carrillo's supplemental proof. We do this because if Carrillo is successful in spite of the assumed error, the error, if any, will be rendered harmless. *See* Tex.R.App. P. 81(b)(1). Accordingly, for this analysis we will consider the full text of Lopez's affidavit and Carrillo's supplemental proof is disregarded.

Carrillo's motion alleges the absence of both negligence and causation as grounds for summary judgment. The motion is supported by Carrillo's affidavit wherein she testified to the applicable standard of dental care, that Lopez was treated in accordance with that standard of care, and that nothing Carrillo did proximately caused injury to Lopez. Lopez, however, contends Carrillo's affidavit is not competent summary judgment proof because it fails to indicate the basis of Carrillo's personal knowledge, it is partially based on hearsay, and because it is conclusory.

Carrillo's affidavit describes her qualifications as a dental expert and, as the treating dentist, she related her personal knowledge of the facts giving rise to the incident in question and the treatment that followed. We do not find it necessary for an affidavit to explicitly describe how personal knowledge is gained when it is apparent from the testimony itself. Moreover, the hearsay statement identified by Lopez in Carrillo's affidavit is a statement of what she was told by a physician concerning Lopez's medical condition. The statement does not render the affidavit incompetent because hearsay can be relied on by experts in forming their opinions. *See* Tex.R.Civ.Evid. 703. Finally, Lopez's complaint that the affidavit was conclusory and thus incompetent is also without merit. While it is generally true that conclusory statements in affidavits do not constitute competent summary judgment proof, *see Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex.1984), the allegedly conclusory statements in Carrillo's affidavit, when read in context, are not impermissibly conclusory in nature. In her affidavit, Carrillo described how it is unavoidable in performing dental treatment that a patient's mouth must remain open during the procedures. She testified that if a foreign object falls into a patient's mouth during treatment, it is "not a *per se* indication of a breach of standard of care;" rather, the standard of care "requires the dentist to advise the patient and take remedial action." When the drill bit fell into Lopez's mouth in this case, Carrillo testified that she told him what had happened and referred him to a doctor for an x-ray. After the x-ray was taken, she stated she talked to the treating doctor and determined that the drill bit had been eliminated naturally from Lopez's digestive tract without injury and that no further treatment was necessary. Lastly, she testified that "nothing I did or failed to do, proximately caused or contributed to cause any damage to Mr. Lopez."

A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

Tex.R.Civ.P. 166a(c). Carrillo's expert testimony, on the critical issues of negligence and causation, was "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." It was competent to support the summary judgment.

The effect of Carrillo's expert testimony was to negate the negligence and proximate cause elements of Lopez's cause of action, entitling her to a summary judgment. The burden then shifted to Lopez who was required to present competent summary judgment proof on the question of Carrillo's negligence and the causation element in order to raise a fact issue and avoid summary judgment. *See Garza,* 769 S.W.2d at 646.

Lopez's summary judgment proof consisted solely of his own affidavit. In his affidavit, Lopez challenged Carrillo's version of how the incident occurred. He testified that while Carrillo was using a dental drill, the drill bit came loose, landed in his mouth, and he swallowed it. He further stated that because of this he became "worried" that the drill bit would puncture holes in his digestive tract and would cause him pain when it exited. He also said his stomach became upset after he swallowed the bit. Lopez contends this lay testimony is competent to raise a fact issue on the question of Carrillo's negligence and proximate cause, citing *Arguello v. Gutzman,* 838 S.W.2d 583 (Tex.App.—San Antonio 1992, no writ) (stating that if the malpractice is clearly within the understanding of laymen, no expert testimony is required). But even if, under these facts, Lopez is correct that his affidavit effectively raised a fact

issue on Carrillo's negligence, the affidavit fails to put into issue the question of proximate cause. "In a medical negligence action, proximate cause is an element that ordinarily must be proven by expert testimony." *Garza,* 769 S.W.2d at 646; *see Ortiz v. Santa Rosa Medical Center,* 702 S.W.2d 701, 705 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.) ("proximate cause must be established by expert testimony").

It is doubtful that Lopez's affidavit ever raised the issue of whether he was injured. But at the very least, Carrillo's affidavit negates any causal connection between her acts and Lopez's claimed injuries. Because Lopez failed to controvert the causation evidence with competent summary judgment proof in the form of expert testimony, no fact issue was raised on the proximate cause element of Lopez's cause of action; consequently, Carrillo is entitled to summary judgment.

Because we have determined that Carrillo's summary judgment is sustainable when considering the entirety of Lopez's summary judgment affidavit, and without considering Carrillo's supplemental proof, it is unnecessary to address the remaining points of error.

The summary judgment is affirmed.