11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

Errbey Galindo, Sr. and Grace

Galindo, Individually, and

Errbey Galindo, Sr. as the Administrator

of the Estate of Belinda Galindo, Deceased

 

Appellants

 

Vs.                   No. 11-01-00083-CV - Appeal
from Nolan County

 

Ted E. Dean, M.D.

 

Appellee

 

 

Dr. Ted E.
Dean was the emergency room physician who treated Belinda Galindo after she
stabbed herself in the abdomen. 
Appellants sued Dr. Dean, alleging that Dr. Dean should have saved
Belinda=s life but failed to do so because of his
breach of the appropriate standard of medical care.   We affirm the trial court=s summary judgment for Dr. Dean.

Background
Facts

Belinda, a
16 year old, stabbed herself and was taken to the hospital.  The two self-inflicted stab wounds were to
the upper quadrant of her abdomen.  When
she arrived at the hospital at approximately 12:40 a.m., she had low blood
pressure and a fast pulse rate.  At
approximately 2:00 a.m., Dr. Dean performed an exploratory laparotomy that
consisted of opening Belinda=s abdomen to search for internal wounds that could cause internal
bleeding and to repair any damage. 
According to his surgical report, Dr. Dean repaired two lacerations of
the small bowel; repaired bleeders in the mesentery; and repaired a small
laceration in the suprarenal abdominal aorta that takes blood to the
kidneys.  At the end of the surgery,
Belinda was taken to the intensive care unit. 
At approximately 7:00 a.m., Belinda=s blood pressure dropped precipitously.  Dr. Dean was notified, and he then attempted two hours of
intensive cardiopulmonary resuscitation. 
Belinda died at 10:10 a.m.  








Appellants= wrongful death and survival claims allege
that Dr. Dean was negligent because he failed to repair all of Belinda=s wounds during the surgery, especially a 1/4
inch laceration of her aorta.  In his
motion for summary judgment,[1]
Dr. Dean asserted that his evidence established that he had not departed from
the required standard of care and that appellants had failed to produce expert
evidence to show that he violated any appropriate standard of medical care or
that he did or failed to do anything that proximately caused injury to Belinda.  Dr. Dean asserted the additional ground that
Belinda was committing or attempting to commit suicide; therefore, he was
entitled to rely on the affirmative defense set forth in TEX. CIV. PRAC. &
REM. CODE ANN. ' 93.001 (Vernon Supp. 2002).  The trial court granted summary judgment for
Dr. Dean but did not specify the grounds for its summary judgment.

Standard
of Review

A trial
court must grant a motion for summary judgment if the moving party establishes
that no genuine issue of material fact exists and that he is entitled to
judgment as a matter of law. 
TEX.R.CIV.P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471
(Tex.1991).  A trial court properly
grants summary judgment for a defendant if the defendant establishes all the
elements of an affirmative defense. 
American Tobacco Company, Inc. v. Grinnell, 951 S.W.2d 420, 425
(Tex.1997).  Once the movant establishes
a right to a summary judgment, the non-movant must come forward with evidence
or law that precludes summary judgment. 
City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678-79
(Tex.1979).  When reviewing a summary
judgment, the appellate court takes as true evidence favorable to the
non-movant.  American Tobacco Company,
Inc. v. Grinnell, supra at 425; Nixon v. Mr. Property Management Company, Inc.,
690 S.W.2d 546, 548-49 (Tex.1985).  

The order
of the trial court did not specify the grounds for its summary judgment;
therefore, appellants must defeat each summary judgment ground urged by Dr.
Dean.  State Farm & Casualty Company
v. S.S. & G.W., 858 S.W.2d 374, 380 (Tex.1993); Carr v. Brasher, 776 S.W.2d
567, 569 (Tex.1989).  We will first
address Dr. Dean=s affirmative defense based on Section
93.001.  

 

 

 








Analysis

Section
93.001(a)(2) provides:

(a) It is
an affirmative defense to a civil action for damages for personal injury or
death that the plaintiff, at the time the cause of action arose, was:

 

(2)
committing or attempting to commit suicide, and the plaintiff=s conduct in committing or attempting to
commit suicide was the sole cause of the damages sustained; provided, however,
if the suicide or attempted suicide was caused in whole or in part by a failure
on the part of any defendant to comply with an applicable legal standard, then
such suicide or attempted suicide shall not be a defense.  

 

Appellants
first argue that Belinda was not committing or attempting to commit suicide at
the time the causes of action arose. 
Their premise is that the causes of action arose at the time of Dr. Dean=s alleged negligence in treating Belinda and
that she was not committing or attempting to commit suicide when he treated
her.  TEX. CIV. PRAC. & REM. CODE
ANN. '16.003(b) (Vernon  Supp. 2002) provides:

(b) A
person must bring suit not later than two years after the day the cause of
action accrues in an action for injury resulting in death.  The cause of action accrues on the death of
the injured person.

 

Appellants= causes of action arose on the death of
Belinda.  

Belinda
was still in the process of committing suicide when Dr. Dean performed the
surgery.  Appellants do not contest the
fact that Belinda=s
self-inflicted wounds resulted in her bleeding to death internally.  They do not contend that Dr. Dean made her
condition worse.  Their argument is that
Dr. Dean should have reversed the course of the suicide process by taking
appropriate medical steps to save her life. 
The process of committing suicide began when she stabbed herself and
ended when she died.  The causes of
action arose when Belinda died, and her self-inflicted wounds caused her death.









The next
question under Section 93.001(a)(2) is whether Belinda=s committing or attempting to commit suicide
was the sole cause of the damages sustained. 
Dr. Dean=s summary judgment evidence included his own
affidavit and the deposition testimony of Dr. Jerry Douglas Spencer, the
forensic pathologist who performed an autopsy on Belinda.  Both Dr. Dean and Dr. Spencer testified that
Belinda=s self-inflicted stab wounds were Athe cause of death.@  Their testimony established that, as required by Section
93.001(a)(2), Belinda=s
suicide was the sole cause of her death.

Once Dr.
Dean established his entitlement to summary judgment based on the affirmative
defense of Section 93.001(a)(2), it then became necessary for appellants to
come forward with contrary evidence to show why summary judgment should be
avoided.  City of Houston v. Clear Creek
Basin Authority, supra.  Appellants
introduced the affidavit of Dr. C. Roger Youmans, Jr., their expert, as evidence
to show that summary judgment should be avoided because the alleged negligence
of Dr. Dean also caused Belinda=s death.  Because of
deficiencies in Dr. Youmans= affidavit, appellants presented no evidence that Belinda=s suicidal stabbing was not the sole cause of
her death. 

In the
trial court, appellants filed a response to Dr. Dean=s motion for summary judgment on December 27,
1996.  On January 22, 1997, Dr. Dean
challenged Dr. Youmans=
affidavit on the grounds that no curriculum vitae was attached, that Dr.
Youmans did not swear that the facts contained therein were true, and that his
affidavit referred to medical records that were not attached to his
affidavit.  The affidavit also failed to
state that the facts were within the personal knowledge of Dr. Youmans.  On January 24, 1997, appellants filed a
motion for leave to file an amended response to Dr. Dean=s motion for summary judgment; however,
appellants neither obtained a ruling nor amended Dr. Youmans= affidavit. 
The trial court granted Dr. Dean=s motion for summary judgment on June 5, 2000, 32 years later.  Appellants were given ample opportunity to amend Dr. Youmans= affidavit.








An
affidavit which does not positively and unqualifiedly represent the facts as
disclosed in the affidavit to be true and within the affiant=s personal knowledge is legally
insufficient.  Humphreys v. Caldwell,
888 S.W.2d 469, 470 (Tex.1994).  The
failure to attach to Dr. Youmans= affidavit sworn or certified copies of the extraneous documents
referred to in the affidavit constituted a defect in the substance of the
affidavit.  Ceballos v. El Paso Health
Care Systems, 881 S.W.2d 439, 445 (Tex.App. B El Paso 1994, writ den=d); Gorrell v. Texas Utilities Electric Company, 915 S.W.2d 55
(Tex.App. B Fort Worth 1995), writ den=d per curiam, 954 S.W.2d 767 (Tex.1997).  We find that Dr. Youmans= affidavit was deficient because it did not
meet the requirements of TEX.R.CIV.P. 166a(f). 
Therefore, it was insufficient to raise any fact issues. Ceballos v. El
Paso Health Care Systems, supra at 441. 

After the
trial court entered summary judgment for Dr. Dean, appellants filed a motion
for new trial and attached portions of Dr. Youmans= deposition testimony.  Dr. Youmans= deposition was taken on July 6, 1998, 17 months after Dr. Dean
challenged Dr. Youmans=
affidavit.  The motion for new trial did
not provide any newly discovered evidence. 
Opposing papers that are not timely filed may be disregarded by the
trial court.  See Pinckley v. Dr.
Francisco Gallegos, M.D., 740 S.W.2d 529, 532 (Tex.App. B San Antonio 1987, writ den=d). 
The deposition testimony was not part of the summary judgment
proceedings and has been disregarded in our review of the trial court=s summary judgment.  

Appellants
argue that Dr. Dean=s
alleged failure to comply with the applicable medical standard Acaused@ Belinda=s death within the meaning of the last clause
of Section 93.001(a)(2), which reads:

[P]rovided, however, if the suicide or
attempted suicide was caused in whole or in part by a failure on the part of
any defendant to comply with an applicable legal standard, then such suicide or
attempted suicide shall not be a defense.

 

Even if Dr. Youmans= affidavit had not been deficient, we
disagree with appellants= reading of Section 93.001(a)(2). 
We need only look at the plain meaning of the statute because the
statutory language is unambiguous. 
Moreno v. Sterling Drug, Inc., 787 S.W.2d 348, 352 (Tex.1990).  The statute requires that appellants show
that Belinda=s suicide was caused by Dr. Dean=s alleged failure to comply with an
applicable legal standard.  To adopt
appellants= reading of the proviso, we would have to
change the phrase to Aif the
bodily injury or death was caused in whole or in part.@ 
There is no evidence that Dr. Dean caused Belinda=s suicide.








Appellants= reliance on Kassen v. Hatley, 887 S.W.2d 4
(Tex.1994), is misplaced.  There, a
mental health patient committed suicide after being denied admission to a
psychiatric hospital.  The doctor and
the charge nurse in the emergency room withheld the patient=s medicine when she left the hospital.  The patient committed suicide a short time
later by stepping into freeway traffic. 
The Texas Supreme Court rejected an argument that the defendants had
established an affirmative defense under Section 93.001(a)(2) because there
were genuine issues of material fact as to whether the doctor was negligent in
discharging the patient without her medication and as to whether that action
was a cause of the patient=s suicide.

Dr. Dean=s affirmative defense under Section 93.001(a)(2)
provided a valid ground for the trial court=s summary judgment in his favor. 
Therefore, we need not address the other grounds urged in his motion for
summary judgment.

This
Court=s Ruling

We affirm
the judgment of the trial court.

 

TERRY
McCALL

JUSTICE

 

January 10, 2002

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.

 











[1]Dr. Dean=s motion for
summary judgment under TEX.R.CIV.P. 166a(c) was filed on November 5, 1996.  TEX.R.CIV.P. 166a(i), providing for a Ano evidence@
summary judgment, did not become effective until September 1, 1997.